## CALVIN AINSWORTH, Plaintiff, *vs.* JAMES B. BOWEN.

ERROR TO CIRCUIT COURT, DANE COUNTY.

Heard August 13.]                    [Decided October 18, 1859.

*Security—School Land Certificates—Pledge—Counter Claim.*

Where A. gave a promissory note and secured the payment by a pledge of school land certificates, and when the note became due, B. sold the certificates, and indorsed the amount received from the sale upon the note, and then brought an action for the balance; A. answered that the certificates received by B. were of far greater value than the note, and claimed judgment for the balance. Upon the trial the court refused to instruct the jury that if they should find that A. was not interested in the purchase of the certificates, nor were they bought in for his benefit, then the fact that A. had purchased the certificates after the commencement of the suit, could not be taken into consideration by them in determining the damages which A. was entitled to recover ; Held that this was a proper instruction, and ought to have been given.

Whether school land certificates are the subject of a pledge. *Quere ?* ( If a pledge or security for the payment of a note be sold at a suitable place, in a fair and public manner, on a reasonable notice to the pledgor, he has no cause of complaint; but if, on the contrary, the pledge was illegally and wrongfully sold, then the pledgor is entitled to damages for the conversion, and the measure of damages would be the value of the pledge at the time of the conversion.

Ainsworth vs. Bowen.

It would seem that a claim for damages for an unlawful conversion, may be set up as a counter claim in answer to an action on a promissory note.

This was an action commenced in the circuit court by the defendant in error, upon the following note:

"$300.                    MADISON, March 9th, 1857.

"For value received, I promise to pay J. B. Bowen, or order, three hundred dollars, in one year from date, and interest, at the rate of twelve per cent.; and as collateral security, I have deposited with said Bowen, school land certificates Nos. 109, 110, 111 and 112 of school lands, in section 10, town 9, range 3 west, in Crawford county, Wisconsin.

                              "CALVIN AINSWORTH."

The other facts of the case are sufficiently stated in the opinion of the court.

*J. C. Hopkins* and *Johnson, Harris & Rollins,* for the plaintiff.

*Smith, Keyes & Gay,* for the defendant.

*By the Court,* COLE, J.   On the trial of this cause the circuit court was requested, on the part of the plaintiff in error, in effect, to instruct the jury, that if they should find from the evidence, that the plaintiff in error was not interested in Falkner's purchase, and that Falkner did not purchase the certificates for him, directly, or indirectly; that then the fact that the plaintiff in error had purchased the certificates after the commencement of the suit could not be taken into consideration by them in determining the damages which the plaintiff in error was entitled to recover.   Under the facts and circumstances of this case it appears to us that this was a very proper instruction to be given to the jury, as a glance at the case will satisfactorily show.

The action was commenced upon a promissory note given by Ainsworth to Bowen, bearing date March 9, 1857, and payable to Bowen, or order, one year from date.   The note

stated that the maker had deposited with the payee four school land certificates, as collateral security for the payment of the same, giving the numbers of the certificates and the county in which the land was situated. It appears that, as the note was not paid on the day it fell due, Ainsworth was served with a written notice about noon, on Saturday, the 13th of March, 1858, that the certificates would be sold at 9 o'clock A. M. of the following Monday, at the office of Bowen, he being a physician in the city of Madison. The sale took place on that day, and the certificates were purchased by Falkner, and the proceeds of the sale applied upon the note. In the action brought to recover the balance due upon the note, Ainsworth, by way of counter claim, set up in substance, that the school land certificates were deposited with Bowen as collateral security for the payment of his note, and that they were worth six dollars an acre above the amount due the state thereon; that Bowen had illegally and wrongfully sold them for a sum far below their real value, and he prayed judgment for the value of the certificates, after deducting the amount due upon the note.

It appears from the testimony of Mr. Falkner, that on the 6th of May, 1858, out of friendship for Mr. Ainsworth (as he says) he sold the certificates to Mr. Ainsworth for the amount he paid for them, and a trifling commission added. From these facts the materiality of the instruction becomes apparent. The very ground of the counter claim was that there had been an illegal and wrongful sale of the certificates by Bowen. If the certificates were a proper subject of a pledge, which has been assumed by counsel upon both sides in the argument, but a point upon which we express no opinion, and if they were sold at a suitable place, in a fair and public manner, on a reasonable notice thereof to Ainsworth, then he has no cause of complaint. But if, on the contrary, the certificates were illegally and wrongfully sold by Bowen, then

Ainsworth vs. Bowen.

Ainsworth is entitled to damages for the tortious act by which the certificates were thus converted, and the measure of damages would be the value of the certificates at the time of such conversion. *Cortelyou vs. Lansing*, 2 Cai. Cases in Error, 200; *Bank of Buffalo vs. Kortright*, 22 Wend., 348; *Pierce vs. Benjamin*, 14 Pick., 356; *Barry vs. Bennett*, 7 Met., 354; Sedgwick on Damages, chap. 19, cases cited in notes.

The circuit court, however, instructed the jury, that the circumstances of Ainsworth's having re-purchased these certificates from Falkner could properly be considered by them in determining the amount of damages which Ainsworth was entitled to recover for the wrongful misappropriation of his property. But really how could the rule of damages be changed by the wholly extraneous and immaterial circumstance that Ainsworth had obtained his property by a subsequent purchase? Suppose he had paid Falkner more for the certificates than they were worth, it would not be contended for this reason that the amount of his recovery should be enhanced. Neither would the measure of damages be changed had Falkner given him the certificates. This counter claim set up, must be deemed analagous to an action in trover for the recovery of the certificates tortiously converted, and the value of the property at the time of the conversion in the latter case furnishes a fair rule for the measure of damages. The certificates are of a determinate fixed value, and if they were illegally and wrongfully sold by Bowen, as alleged in the counter claim, then Ainsworth should recover such value, less the seventy dollars already realized from the sale, and passed to his credit by indorsement on the note, and also the balance still due upon said note.

It was insisted by the counsel for the defendant in error, that as the jury found the sale properly made, under the circumstances, there were no damages to be awarded, and con-

sequently this portion of the .charge of the court became un-
important and immaterial.   This is not a satisfactory answer
to the objection, because the jury might have found that the
sale was illegal and improper, but that Ainsworth was not
entitled to recover any damages therefor, inasmuch as he had
subsequently obtained the certificates by purchase from Falk-
ner.   In this view the instruction became very material, and ·
. . the refusal of the court to give it was calculated to prejudice
the case of the plaintiff in error.

It is believed that these observations sufficiently dispose of
this case and consequently we withhold our opinion upon the
other points made upon the argument.

The judgment of the circuit court is reversed, and the
cause remanded for a new trial.