## HITCHCOCK VS. MERRICK.

A covenant in a mortgage for the payment by the mortgagor of all taxes that may be assessed upon the premises therein described, cannot be enforced after the mortgage debt is discharged. So *held*, where the mortgagee purchased the premises at the foreclosure sale for less than the amount of the judgment, and the deficiency was paid by the mortgagor, and the mortgagee was afterwards obliged to redeem the premises, which had been sold for certain taxes assessed upon them between the execution of the mortgage and the foreclosure sale.

APPEAL from the County Court of *Milwaukee* County.

In 1857, the defendant, *Merrick*, executed a mortgage to one William R. Hitchcock, to secure the payment of $11,359.80 in three years, with interest. Said mortgage contained a covenant by the mortgagor to pay "all taxes and assessments of every nature that might be assessed upon the premises described therein, previous to the day appointed, in pursuance of any law of this state, for the sale of land for taxes." Before the mortgage debt became due, the mortgagee died, and the plaintiff, *Thomas Hitchcock*, as one of his legatees, became the lawful owner and holder of the mortgage and of the bond to which it was collateral. On the 16th of July, 1860, there remained due and unpaid upon said bond and mortgage the whole of the principal and a considerable amount of interest; and the plaintiff commenced an action in the circuit court of said county to foreclose the mortgage, and on the 18th of February, 1861, judgment of foreclosure and sale was rendered in said action for $13,631.55 due on the bond, and $144.42 costs &c. Upon an appeal to the supreme court the judgment was affirmed, except as to the amount of costs, which was reduced to $96.62. At the foreclosure sale, on the 8th of November, 1862, the plaintiff purchased the premises, and continued to own and possess the same at the commencement of this action. The complaint herein, after alleging in substance the above facts, avers further that certain taxes and assessments for the years 1857, 1858, 1859, 1860 and 1861, were, after the execution of said mortgage, assessed and levied upon the mortgaged prem-

ises, which the defendant failed to pay previous to the day ap-
pointed by law for the sale of said premises for the non-pay-
ment of such taxes, and that the several lots comprised in said
mortgaged premises were respectively sold for such taxes.
The times at which and the amount for which such sales were
made, are specified at length in the complaint. It is further
alleged that the defendant never redeemed said lots, or any of
them, from such sales; that on the 20th of December, 1862, all
of the certificates of such tax sales were outstanding and un-
redeemed, and the plaintiff was obliged to purchase and did
purchase them in order to protect his title; that the amount
necessarily paid by him for that purpose was $1660.90; and
that he has demanded repayment of that sum from the defend-
ant, who refuses to pay the same. The plaintiff therefore de-
mands judgment against the defendant for the sum last men-
tioned, with interest &c.

The defendant demurred to the complaint, as not stating a
cause of action; and the demurrer was overruled. The de-
fendant then answered, alleging that before the commencement
of the action the entire debt secured by the bond and mort-
gage mentioned in the complaint had been fully satisfied; that
plaintiff purchased the mortgaged property at the foreclosure
sale for $15,300, leaving a balance of $98.04 only, due on the
judgment, which the defendant afterwards, before the com-
mencement of the action, paid to the plaintiff; that there was
no consideration for the covenant to pay taxes and assessments
set out in the complaint, except the loan of the sum of money
which the bond and mortgage were given to secure, and that
said covenant was merely incidental and collateral to said bond,
and when the money so secured was paid, said covenant was
thereby satisfied and discharged. The answer further denies
that any taxes or assessments legally levied upon the mort-
gaged premises for the years mentioned in the complaint, re-
mained unpaid at the times fixed by law for the sale of lands
for delinquent taxes of those years respectively.

On the trial, the plaintiff offered evidence to sustain the allegations of the complaint in regard to the non-payment by the defendant of taxes and assessments levied upon the mortgaged premises, the sales of the land for such delinquent taxes and assessments, and the redemption of the land by plaintiff by payment of the amount due on the tax certificates. He also read in evidence the judgment of foreclosure and sale against the defendant and others, mentioned in the complaint in this action, the sheriff's report of the sale, the order confirming the report, and the personal judgment for a deficiency of $98.04; and admitted that said judgment for deficiency was paid by the plaintiff before the commencement of this action. The defendant asked the court to instruct the jury that they must find for the defendant, but this instruction was refused. Other instructions were asked by the defendant and refused, which need not be stated here. The jury found for the plaintiff for the amount claimed by him, except the taxes of 1857. A motion by the defendant for a new trial was denied, and judgment entered upon the verdict, from which the defendant appealed.

*Jason Downer*, for appellant, to the point that, *Hitchcock* having bought the land without warranty and taken a title equivalent to a quit-claim deed from the parties to the suit, subject to the outstanding tax liens, the land was the primary fund for the payment of the tax liens, and the covenant to pay taxes was extinguished, cited *Tice v. Annin*, 2 Johns. Ch., 125; *Cox v. Wheeler*, 7 Paige, 248; *Halsey v. Reed*, 9 id., 446; *Marsh v. Pike*, 10 id., 595; 2 Barb. Ch., 618; 2 Denio, 595; 10 Johns., 481. 2. Counsel also contended that the covenant to pay taxes was merely collateral or incidental to the mortgage lien or debt, and that the payment of the debt or extinguishment of the lien before the mortgagee had paid any taxes, extinguished that covenant, and also extinguished the right of the mortgagee as such to pay the taxes and claim the benefit of the mortgage as a lien for their repayment. 3. The coven-

ant to pay taxes does not run with the land—certainly not *after breach* (Rawle on Cov. Tit., 3d ed., 336, and note, and authorities cited; also p. 346); and therefore *Hitchcock* had no remedy on the covenant as *purchaser*.

*Butler & Cottrill*, for respondent, contended that if the action were regarded as one of covenant only, the judgment below was correct, because the covenant to pay taxes was in fact an independent covenant; it was broken while plaintiff had only the interest of a mortgagee in the land; by reason of that breach he had suffered damage to the amount that he was obliged to pay for taxes; and the damages had never been paid, and payment could be obtained only through a judgment in this action.   2. Plaintiff had a right to expect, up to the time of the sale, that defendant would pay the foreclosure judgment, and hence was justified in not advancing the taxes until after that time.   3. The principle that should govern this case is settled in *Jones v. Costigan*, 12 Wis., 677.  It is there held that the mortgagee or his assignee could maintain an action after the sale against the mortgagor for an injury to the estate, committed before the sale, which lessened its value; and that although the commission of the injury might have been prevented by injunction.  The injunction would have been issued on the ground of the contract implied by law from the relation of the parties.   Here there is an express covenant against the act by which plaintiff was injured.   Does it alter the case that there the mortgagee let the property be sold for its value less the amount it had been injured, and that here the plaintiff bid in the property himself and has since been obliged to pay the taxes which the defendant covenanted to pay?   4. The foreclosure sale is merely an involuntary conveyance of the mortgagor's interest in the land; and covenants relating to the land pass as much by such a conveyance as by a voluntary one.   Rawle on Cov., 352, 362.

*By the Court*, DIXON, C. J.   The counsel for the plaintiff

correctly observed that this is a case of the first impression, and our impression is decidedly against him. We do not think that there can be an action upon the covenant of the mortgagor to pay taxes after the extinguishment of the mortgage. On the contrary, we fully agree with the counsel opposed, that the covenant is collateral and subordinate to the debt, and that when the debt is extinguished the covenant can serve no further purpose. It is in the nature of an additional security for the payment of the debt—a provision inserted in the mortgage to guard against the lien being displaced and defeated by reason of the non-payment of the accruing taxes. Without the debt and the consequent lien of the mortgage, the mortgagee has no interest in the payment of the taxes, and whether they are paid or not he can suffer no injury. If, after the tax sales in this case, the defendant had extinguished the debt by voluntary payment to the plaintiff, no one will say that the plaintiff could then have maintained an action against the defendant upon the covenant, though the taxes were still unpaid or the mortgaged premises unredeemed. This conclusion necessarily follows from a consideration of the essential qualities of a mortgage and of the rights of the mortgagee, as defined by all the authorities. A mortgage is regarded in the light of a chose in action—an incident attached to the debt, and which cannot be detached from its principal. Distinct from the debt, it is incapable of assignment and has no determinate value. The extinguishment of the debt extinguishes the mortgage for every available purpose. *Blunt v. Walker*, 9 Wis., 348; *Mowry v. Wood*, 12 Wis., 429 et seq., and cases there cited. As part and parcel of the mortgage, the covenant to pay taxes expires with the mortgage. It is no more capable of separation from the mortgage than the mortgage from the debt. It ceases with the debt for the better protection of which it was made, and can perform no office after the debt has been paid. Now if this is true where the mortgagor voluntarily pays the debt, we think the same must be true where the mortgagee extinguishes

the debt by buying in the mortgaged premises at the foreclosure sale. Both are payments, the one voluntary the other compulsory under the mortgage. In either case the debt is satisfied, and the lien of the mortgage, to which the covenant is annexed, is extinguished. We cannot distinguish the effect upon the covenant, whether the debt is satisfied in one form or the other. The mortgagee holds no longer as such, but as purchaser, the functions of the mortgage being already fully performed. As purchaser he stands upon the same footing with any other purchaser not previously connected with the foreclosure proceedings, and must be supposed to have purchased with reference to the value of the mortgaged premises subject to all valid existing incumbrances, whether for taxes or otherwise. Having it in his power, by proper steps before judgment and sale, to protect himself against the taxes, but choosing not to take them, but to proceed to a sale subject to the taxes and to bid the amount of the debt, he says, in effect, that the mortgaged premises are a sufficient security notwithstanding the taxes, and that he is content to take them subject thereto. The present plaintiff having done this, we think he has debarred himself from all right or claim under the covenant.

The judgment of the county court must therefore be reversed, and the cause remanded with directions that it be dismissed.