# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed June 10, 1899.

COMMERCIAL BUILDING AND LOAN ASSOCIATION

VS.

ROBINSON.

*E. P. Keech, Jr.,* and *John P. Bruns* for plaintiff.

*J. C. France* for defendant.

STOCKBRIDGE, J.—

By the bill in this case the plaintiff seeks to get a money decree against the defendant for certain taxes and ground rent paid by it upon property on which it held a mortgage, and of which the defendant was not the original mortgagor, but an assignee of the mortgagor.

Though not so set out in the bill, the argument on behalf of the plaintiff is that the covenants contained in the mortgage, upon the part of the mortgagor, for the payment of the taxes and ground rent upon the mortgaged property, constitute covenants running with the land, and so become covenants upon which the mortgagee can pursue any assignee of the mortgagor. By the demurrer, which has been filed, the character of these covenants is directly put in issue.

When it is borne in mind that the instrument in which these covenants occur is not a deed, or lease, but a mortgage, the question resolves itself into a very simple one. And a brief analysis will suffice for its determination, even without the citation of authority, though that is not lacking.

In this mortgage, as in every mortgage, the main covenant is the repayment of the debt, all the other covenants of the mortgage are collateral with, and subordinate to that, for if there were no debt to be secured the mortgagee would have no interest, whether the taxes and ground rent upon the property were paid or not, and the covenant for the payment of these charges is simply to guard against the lien of the mortgage being defeated and displaced by reason of the non-payment of these charges as they accrue.

This being the character of these covenants, it must follow that they can not exist and have any binding force after the extinguishment of the mortgage. If that be extinguished, either by payment and release or by foreclosure, it carries with it all collateral covenants, these are no more separable from the mortgage so as to maintain a suit upon them after the extinguish-

ment of the mortgage, as against one between whom and the mortgagee there is no privity of contract, than is the mortgage separable from the debt.

Hitchcock vs. Merrick, 18 Wis. 361.

It is not pretended by the plaintiff that he can maintain a suit for the payment of the debt to secure which the mortgage was given as against an assignee of the mortgagor, and yet if effect were to be given to its present contention, it would be to raise a subordinate covenant of the collateral to a higher position than the main covenant, a result that shows the fallacy of the contention.

Again until foreclosure shall have been had, it can not be told whether there will be any pecuniary liability result upon covenants of this class even upon the part of the original mortgagor, and if such should result, it only goes to increase the total sum of the mortgage indebtedness, for which by special statute a personal decree may be obtained against the mortgagor, and if, therefore, covenants such as these were to be construed as running with the land, the direct, inevitable effect would be to render an assignee of the equity of redemption in any property liable in part or in whole upon the covenant for the payment of the mortgage debt.

This would be creating a liability upon his part by the Court that the mortgage which defines the rights and liabilities of the parties does not.

Graham vs. Duncan, 79 Ind. 565.

The demurrer will therefore be sustained and the bill dismissed.