DAVISON, Respondent, vs. GREEN LAKE STATE BANK, Appellant.

*September 21—October 20, 1925.*

*Corporations: Pledge of stock: Assignment by pledgor: Notice of assignment: Sufficiency: Duty of pledgor.*

1. Where a pledgor of shares of stock to a bank assigned them to plaintiff, who notified the bank of such assignment, and the bank parted with the stock by permitting the pledgor to sell it to a third person, the bank is liable to the assignee for the value of the pledgor's interest in the stock. p. 610.

2. Exhibiting the receipt originally issued by the bank and the assignment of the pledged stock written on the back thereof and offering to leave the receipt with the bank, is sufficient notice to the bank of the interest of the assignee.   p. 609.

3. On receiving notice of an assignment of the equity of redemption in the stock, the bank was charged with the duty of · protecting the assignee by delivering the stock to him on repayment of the amount pledged.   p. 610.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

The defendant is a state banking corporation located at Green Lake, Wisconsin. On July 5, 1923, one G. E. Edwards borrowed $500 from the defendant bank, and as collateral to secure the payment of such sum he assigned to the defendant bank ten shares of the capital stock of the Chetek Rural Telephone Company. It was a part of the agreement that such stock was to be returned to G. E. Edwards or his assigns upon payment of the sum of $500. The defendant bank issued to Edwards a receipt as follows:

"This is a Non-negotiable Receipt.        No. 1.
"Date, July 5, 1923.
"Received from G. E. Edwards, address Ripon, Wis., the following described stock, par value of which is $1,000, for safe-keeping only, and at his or her risk, and subject to the rules of this bank governing such deposits: Certificates No. 9 and 10 Chetek Rural Telephone Co. for collateral to loan of $500. Said stock to be returned on payment of note according to terms thereof.

"It is mutually agreed by both parties that without compensation said bank receives said securities or property only for the accommodation of said depositor; and that said bank will give said securities or property the same ordinary care given other securities of this kind deposited with the bank, and in consideration of this gratuitous service it is mutually agreed that said bank is relieved of all responsibility for loss of said securities or property either by fire, burglary, theft, or other casualty of whatsoever kind and nature. Securities or property herein described will be returned only

upon surrender of this receipt in person by owner herein named, or by his or her legal representative, upon properly executing the receipt below:

"Received this —— day of ——, 19—, the property herein and above described.

"Name: —— ——.
"Bank: Green Lake State Bank.
"Town: Green Lake, Wis.
"Cashier: L. H. Burling.
"Depositor: —— ——."

It is the contention of the plaintiff that thereafter and on August 16, 1923, Edwards executed upon the back of the receipt the following assignment:

"Ripon, Wis., August 16, 1923.
"For value received I hereby assign, sell, and set over to *Thos. L. Davison* all right or interest that I have in and to said shares of Chetek Telephone Co. stock as described within.                                    G. E. EDWARDS."

It is the contention of *Davison* that he thereafter went to the defendant bank and exhibited the receipt and assignment to the cashier of the bank. While this is denied by the defendant, the court found in favor of the plaintiff's contention. It also appears that there was some talk between the plaintiff and defendant as to sale of the shares of the telephone stock. On February 23, 1924, in response to a letter written by the plaintiff, the bank notified the plaintiff that Edwards had sold the stock. On February 20, 1924, Edwards sold the stock in question to L. H. Burling, the cashier of the bank. Upon payment of the amount due, it, the bank, released the stock, which was transferred to Burling, who now claims to be the owner, the transfer being made upon the books of the company and a new certificate issued on February 26, 1924.

Upon being informed of the fact that the bank had released the stock and had paid to Edwards $350 for his equity therein, this suit was begun against the bank for

violation of its duty as pledgee. It was the contention of the defendant bank that it was of the opinion that the plaintiff was acting as agent of Edwards and that it therefore had no duty with respect to the plaintiff's claim in the equity of redemption.

The case was originally brought in the municipal court of Fond du Lac county, where the defendant had judgment dismissing the plaintiff's complaint. From that judgment there was an appeal to the circuit court for Fond du Lac county, where judgment was entered reversing the judgment of the municipal court and granting judgment in favor of the plaintiff for the sum of $350 with interest and costs. From that judgment the defendant appeals.

For the appellant there was a brief by *Martin & Kelley* of Fond du Lac, and oral argument by *J. L. Kelley.*

For the respondent there was a brief by *T. L. Davison* and *James Murray,* both of Fond du Lac, and oral argument by *Mr. Murray.*

ROSENBERRY, J. Both the municipal and the circuit courts found that the defendant bank had notice of the transfer of the equity of redemption by Edwards to the plaintiff. The question presented here is: Has the assignee of the pledgor of shares of stock in a corporation such an interest therein as makes it the duty of the pledgee to deliver the same to the assignee upon payment of the indebtedness by the pledgor?

Considerable argument was made to the effect that the notice given by the plaintiff to the defendant was not sufficient. It is the testimony of the plaintiff that he went to the bank with the receipt issued, and exhibited the receipt, together with the assignment on the back thereof, to the defendant, and offered to leave the receipt with the bank. In view of these facts, which must be taken to be found in favor of the plaintiff, we find no defect in the notice given

by the purchaser of the equity of redemption to the pledgee of his rights therein.

The liability of the defendant bank under the circumstances seems to be clearly determined by the decisions upon that subject. If the pledgee is notified by a person that the latter is entitled to the collateral, subject to the pledge, and the pledgee upon payment of the debt returns the collateral to the pledgor, the pledgee is liable to such third person. 2 Cook, Corp. (8th ed.) § 468, and cases cited; 21 Ruling Case Law, 674; *Curry v. Wis. Nat. Bank,* 149 Wis. 413, 136 N. W. 549; *Southern I. Co. v. Wharton Nat. Bank* (Tex. Civ. App.) 144 S. W. 701; *Hughes v. Settle* (Tenn.) 36 S. W. 577.

Whether the defendant bank, as intimated by the circuit judge, parted with possession of the stock and permitted its resale to a third party because it overlooked the plaintiff's rights therein or did it in disregard of the plaintiff's rights is immaterial so far as its liability is concerned. Notice having been brought home to it, as found by both courts, that the plaintiff was the assignee of the equity of redemption, it was the duty of the bank thereafter to protect the plaintiff in his rights by delivering the stock upon repayment of the amount which was pledged to the plaintiff. *Ainsworth v. Bowen,* 9 Wis. 348.

*By the Court.*—Judgment affirmed.