HEFFLING, Appellant, vs. BEST and another, Respondents.

*November 10—December 6, 1938.*

The cause was submitted for the appellant on the brief of *Charles F. Millmann* of Milwaukee, and for the respondents on that of *Arthur A. Mueller,* attorney, and *Paul H. Paulsen* and *Herbert J. Mueller* of counsel, all of Milwaukee.

FOWLER, J.   Upon the facts above stated the civil court held that the instrument in suit constituted an assignment of Burg's interest in the stock held by Best & Company as col-

lateral to its note owed by Burg and on the authority of *Davison v. Green Lake State Bank,* 187 Wis. 606, 205 N. W. 389, gave judgment for the plaintiff for violation by Best & Company of its duty to the plaintiff as pledgee. The bank in that case held corporate stock as collateral security for payment of a note for money loaned by the bank to the owner of the stock. The owner of the stock for value received assigned to Davison all his "rights or interest" in the stock, and Davison notified the bank of the assignment. Thereafter the owner of the stock sold it to another person for $530 over the amount of the note, and the bank paid this sum to the owner and delivered the stock to the purchaser. On suit by Davison against the bank Davison recovered judgment for the sum so paid for violation of its duty to Davison as pledgee of the stock. A pledgee's duty to an assignee on sale of the pledge to pay the surplus to the assignee is the same whether the stock be sold by the pledgor subject to the pledgee's lien, or sold by the pledgee to satisfy his claim.

The circuit court held that the *Davison Case, supra,* is not in point because as stated in its opinion contained in the record, "the creditor cannot piecemeal his claim against the debtor by assigning parts of his claim to other persons without the consent of the debtor." Such is doubtless the rule in this state. *Skobis v. Ferge,* 102 Wis. 122, 131, 78 N. W. 426. However, this rule has no application to the instant case because at the time of the assignment Burg was not a creditor but a debtor. And if when Best & Company sold the stock the principle of the rule then became applicable because Best & Company then became a debtor and Burg a creditor, the rule still does not apply because Burg's assignment carried the whole fund then owing by Best & Company. Best & Company had only a single payment to make. Its payment would be *in solido,* as payment is designated in the

*Ferge Case, supra,* page 132, whether made to Heffling or Burg, because the proceeds of the sale of the stock in excess of the amount owing Best & Company were less than enough to pay Heffling.

As to whether the instrument in suit is an assignment, while it does not use the term assign, it is plain that it provided that the whole fund left after payment of the note in case of sale of the stock by Best & Company to satisfy its claim should be paid to Heffling. This constituted an equitable assignment of the surplus fund. This sufficiently appears from the statement in the *Ferge Case, supra,* page 131, last paragraph:

"The prohibition of the ancient common law against the assignability of claims, so as to substitute a new creditor, has been relaxed, so that now an assignee of the whole fund may, by virtue of the code provisions that the party in interest shall sue, maintain an action at law directly against the debtor."

See 1 Pomeroy, Eq. Jur. (4th ed.) § 169; 3 id. § 1280.

*By the Court.*—The judgment of the circuit court is reversed, and the case is remanded with directions to the circuit court to enter judgment affirming the judgment of the civil court.