[Civ. No. 3182.   Second Appellate District, Division Two.—May 10, 1920.]

## LOS ANGELES TRUST & SAVINGS BANK (a Corporation), Respondent, v. HERMAN BORTENSTEIN, Appellant.

[1] Mortgages — Partial Destruction of Property — Judgment Against Tort-feasor—Liability for Mortgage Indebtedness.— Where mortgaged real property is partially destroyed by the tortious act of a third party, the mortgagee, in an action to foreclose the mortgage, is entitled to have the tort-feasor, against whom a judgment has been secured by the owner, joined with the owner as a party defendant and to have included in the decree a provision that in the event the proceeds from the sale of the real property is insufficient to satisfy the mortgage indebtedness, the tort-feasor shall pay such deficiency out of the judgment obtained against it by the owner.

[2] Id.—Award of Damages to Owner—Substitution for Mortgaged Premises—Equity.—In such a case, the judgment against the tort-feasor is for the injury to the mortgaged premises and, in equity, the money recovered because of such injury must be treated as the mortgaged premises, and not merely as the interest of the owner therein, notwithstanding the action against such tort-feasor is by the owner alone and the money is awarded to him.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Gavin W. Craig, Judge.  Affirmed.

The facts are stated in the opinion of the court.

J. Mack Love for Appellant.

William L. Kuehn for Respondent.

FINLAYSON, P. J.—This is an action to foreclose a mortgage on real property.  Herman Bortenstein and the city of Los Angeles are defendants.  Bortenstein alone appeals from the decree of foreclosure.  The chief question on the appeal is whether plaintiff has any lien, legal or equitable, upon certain moneys that, in another action, were adjudged to be due from the city to Bortenstein for injury to the mortgaged property.  Bortenstein filed a demurrer to

the complaint in the present action. The demurrer was overruled, he was given ten days to answer, and, failing to answer, his default was entered. The city filed an answer admitting all the allegations of the complaint.

It appears from the complaint and recitals in the foreclosure decree that, originally, the mortgaged property, together with an adjoining strip of land ten feet wide, were owned by one Clarke and wife. The Clarkes, while the owners of the mortgaged property, mortgaged it to plaintiff to secure the payment of a promissory note for six thousand dollars executed by them to plaintiff as the payee. Thereafter the Clarkes conveyed the mortgaged property to Bortenstein, subject to the mortgage. At the same time they conveyed to Bortenstein the adjoining ten-foot strip of land. Thereafter the mortgaged property, together with the buildings thereon, and the adjoining ten-foot strip, were greatly damaged by a flood. The buildings on the mortgaged property were carried off by the flood waters and the surface of the land was washed away. Bortenstein, who had become the owner of the premises under his grant from the mortgagors, claiming that the city was responsible for the destructive effects of the flood, brought an action against the city wherein he recovered a judgment for damages. In that action Bortenstein sued not only for damage to the real property that the Clarkes had previously mortgaged to this plaintiff, but also for damage to the adjoining ten-foot strip and to certain personal property that was on the premises at the time of the flood. The judgment against the city was for the total sum of twelve thousand five hundred dollars. By its judgment in that action the court adjudged that the bare land itself, without the improvements, was damaged in the sum of one thousand five hundred dollars; that the buildings and improvements on the mortgaged property were damaged in the sum of ten thousand dollars, and that the personal property was damaged in the sum of one thousand dollars. The plaintiff here was not a party to that action. By its decree of foreclosure in the present action the trial court found that the damage to the personal property and to the ten-foot strip is 229/2500 of the total amount of damage to all the property so owned by Bortenstein, and that the damage to the property covered by plaintiff's mortgage is 2271/2500 of the total damage sustained by all the property. The

court, therefore, by its decree in this foreclosure suit, adjudged: (1) That the mortgaged premises be sold by the sheriff in the manner prescribed by law; (2) that the sheriff apply the proceeds of such sale to the payment of his fees, to plaintiff's costs of suit, and to the satisfaction of the mortgage debt; (3) that if, after such payments, there be any surplus, he pay the same to Bortenstein; and (4) that if the proceeds of such sale be insufficient to satisfy the mortgage indebtedness, then, if and when said judgment against the city shall become final, the city pay to plaintiff the amount of such deficiency out of 2271/2500 of the moneys that it had been adjudged to pay to Bortenstein; and that if the judgment for damages in the action by Bortenstein against the city should be reversed on appeal, then, out of 2271/2500 of any damages that might be awarded Bortenstein by any judgment that might thereafter become final in the action by him against the city, the latter pay plaintiff any deficiency there might be after such sheriff's sale of the mortgaged property.

[1] Appellant makes no complaint of that part of the foreclosure decree which directs a sale of the mortgaged property. His attack is against that part of the decree which gives to plaintiff the right to satisfy the mortgage indebtedness out of any moneys recoverable from the city by reason of the partial destruction of the mortgaged property. There is no merit in this contention.

If, by condemnation proceedings, the city had appropriated any part of the mortgaged property, it could not have cut off the lien of the mortgage by paying to Bortenstein, for the latter's sole use and benefit, damages for the part of the premises so appropriated. As a mortgagee, plaintiff could have claimed so much of such damages as might be necessary to satisfy the indebtedness secured by the mortgage, if the part of the mortgaged property not taken or damaged by the city should prove insufficient for that purpose. It is a well-recognized rule of equity, based upon the doctrine of equitable conversion, that when land is taken for public use, the money awarded for such land remains, and is to be considered, as land in respect to all rights and interests relating thereto. The money, in such cases, is deemed to represent the land, and is applied in equity to discharge the liens upon it, precisely in accordance

with the legal or equitable rights of creditors or encumbrancers in respect to such land. (*Bank of Auburn* v. *Roberts,* 45 Barb. (N. Y.) 407; 19 R. C. L., p. 343; 88 Am. St. Rep. 363; Jones on Mortgages, sec. 708.)

In the instant case, though no part of the mortgaged property was actually appropriated by the city, the property, by reason of the city's tortious acts, was partially destroyed or extinguished. The money awarded for this injury is an equitable fund for the satisfaction of plaintiff's lien on the mortgaged property—just as much so as if it had been money paid by the city for land taken or damaged in condemnation proceedings. It is a substitute for the land, or for that part thereof destroyed or damaged by the flood.

[2] The fact that the money was awarded to Bortenstein does not change plaintiff's rights. The sum awarded to Bortenstein in his action against the city for damages arises from or grows out of the land, by reason of the injury that diminished its value. It is a fair inference from the averments of the complaint, the allegations of which are admitted by Bortenstein's default, that the damages awarded by the court in the action against the city were not limited to Bortenstein's interest, which was that of an owner of land subject to a mortgage, but covered all the damage done by the flood to the freehold. Therefore, the money so awarded by the court as damages to the realty must be treated, in equity, as the land itself. It takes the place of the reduced value of the land. The mortgaged land, in its present damaged condition, together with such portion of all the moneys awarded for the total injury as represents the damage to the mortgaged premises, stand now in the place and stead of the original uninjured mortgaged premises. (*Bank of Auburn* v. *Roberts,* 45 Barb. (N. Y.) 407; Id., 44 N. Y. 192.)

Appellant relies confidently upon the doctrine announced in *Buckout* v. *Swift,* 27 Cal. 433, [87 Am. Dec. 90]. There is nothing in that case that militates against the views we have expressed. In the present case, the city caused damage to real property that Bortenstein's grantors had mortgaged to plaintiff. When the floods came the buildings on the mortgaged property were a part of the realty. The damage to the buildings, as well as to the land, was damage to the

realty. The fact that, in the action against the city for damages, the court awarded Bortenstein ten thousand dollars as and for damage to the buildings and improvements, does not detract from the fact that the damage so awarded was damage for injury to the freehold. In such cases, the measure of damages is the value of the improvement as it was in place, as a part of the realty, immediately preceding the time when it was washed away or injured by the flood; not what it would sell for in the open market as personal property after its severance from the land. (*Rhoda* v. *Alameda County,* 58 Cal. 357.) In the Buckout case the mortgagee was seeking to follow and impress with his mortgage lien the house that, by being severed from the land, had become personalty. Here, the mortgagee is but seeking to impress with its mortgage lien a fund that has taken the place of so much of the mortgaged realty as was destroyed by the flood.

The foreclosure decree makes no attempt to fasten upon appellant a personal liability for a deficiency judgment. The "deficiency" referred to in the decree is a deficiency that may remain after the sheriff's sale of the partially destroyed mortgaged premises. And that "deficiency," if any there may be, is to be made good out of so much of a fund as, in equity, is deemed to represent that part of the mortgaged property that was destroyed by the flood.

No other points made in the briefs require discussion. We have discussed the points upon which appellant's brief presents any argument. We find no error in the record.

Judgment affirmed.

Thomas, J., and Weller, J., concurred.