[Civ. No. 6770. First Appellate District, Division One.—November 19, 1929.]

W. S. SHAFER et al., Appellants, v. JESSIE S. GREGORY, Respondent.

R. M. F. Soto, J. Clark Benson, James H. Boyer and W. E. Cashman for Appellants.

Jessie S. Gregory, George M. Naus and Grant & Zimdars for Respondent.

TYLER, P. J.—Plaintiffs prosecute this appeal from a judgment quieting the title of respondent Gregory to certain real property.

The action was prosecuted by plaintiffs to remove an alleged cloud on their title to the real property involved, created by a trustee's deed to said Gregory, and to carry into effect a certain judgment in their favor, in an action wherein one Herman Eggers and others were plaintiffs and The National Radio Company, a corporation, was defendant.

By their answer defendants denied the title of plaintiffs and the right of possession of plaintiff Shafer as receiver. By a cross-complaint defendant Gregory asserted title in herself. To establish their title to the real property involved plaintiff introduced in evidence the judgment-roll in *Eggers* v. *The National Radio Company*. It is concded that whatever title plaintiff had to the property in question was based upon such judgment. Respondent Gregory was not a party to the Eggers judgment, nor was she in privity thereto. Her claim of title in and to the property was based upon a certain deed of trust securing notes which existed against the property long prior to the time of its acquisition by plaintiffs, and which deed of trust was foreclosed by sale, at which respondent Gregory became the purchaser. Plaintiffs claimed that the deed of trust under which respondent claims title was presumptively fraudulent, and the burden rested upon her to establish its *bona fides*. ■ The trial court found, and rightfully so, that plaintiffs were in no position to raise this question, for the reason that they assumed the obligations existing against the property as the sole consideration of acquiring the same. Then, again, the judgment upon which appellants relied was not a final one, and it has since been reversed. (*Eggers* v. *The National Radio Co.*, 208 Cal. 308 [281 Pac. 58].) Plaintiffs here concede that whatever title they had was based upon such judgment, and that in consequence of its reversal their alleged title has failed. Irrespective and apart from this concession, however, plaintiffs took title to the property in question subject to the encumbrances against the same, and which encumbrances they agreed to pay. This, as we have said, was the sole consideration paid by them. This being so, they were in no position to question the validity of the same. To hold otherwise would be to permit them to acquire the land without paying for it. ■ Nor does the fact that the liens were renewed after plaintiffs acquired their title alter or change the situation. Respondent's claim is a purchase-money claim. The title which passed to her under the trustee's sale related back to the time the original deeds of trust were given to her as security.

We do not deem a further discussion of the case to be necessary. As above pointed out, the sole consideration paid by plaintiffs for the property was the assumption by

them of the liens against it and their agreement to pay the encumbrances. Irrespective, therefore, of whatever rights they may have acquired under the Eggers judgment, and which they here concede to be none, the conclusion of the trial court, from the facts, that plaintiffs or either of them is not the owner of or possessed of any interest in and to the real property involved, but that cross-complainant is the owner, finds full support in the evidence.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.