[Civ. No. 8424. First Appellate District, Division One.—June 21, 1932.]

SAN MATEO COUNTY BANK, Appellant, v. JOSEPH DUPRET, Jr., et al., Respondents.

Ross & Ross for Appellant.

A. J. Stebenne for Respondents.

THE COURT.—On August 19, 1925, defendants executed to plaintiff their promissory note for $1,000 payable one year after date with interest, and secured the same by a deed of trust to certain real property in San Mateo County, plaintiff being named in the deed as beneficiary of the trust. The deed provided that defendants should pay at maturity all taxes and assessments which should become liens upon the property, and that in default thereof the beneficiary might pay the same; further, that defendants should repay to the beneficiary the amounts expended pursuant to the above provision, and that the deed should be and continue as security therefor. In July, 1930, default was made in the payment of the debt secured, and the notice of sale was filed by the trustees named in the deed. A sale was had on August 1, 1930, at which time there was unpaid of the principal and interest $915.83. The costs of sale, including attorneys' fees, were $124.29, the total amount due being $1,040.12. The property was bid in by plaintiff for $810, leaving a deficiency of $230.12. On the date of the sale unpaid city and county taxes upon the property amounted to $578.93, and these plaintiff paid some time after the sale. The present action was brought to recover the amount of these taxes, together with the deficiency mentioned. The trial court entered judgment for the latter amount and no more.

Plaintiff, which has appealed, claims that it was also entitled to judgment for the taxes paid.

Liens for taxes and assessments are of course paramount to the rights created by mortgages and deeds of trust (18 Cal. Jur., Mortgages, secs. 435, 436, pp. 132, 133),

and in order that the security may be protected a mortgagee, trustee or beneficiary is permitted to pay such liens and add the same to the debt secured (41 Cor. Jur., Mortgages, secs. 375, 619, pp. 470, 639; *Savings & Loan Soc.* v. *Burnett,* 106 Cal. 514 [39 Pac. 922].) But according to the weight of authority a mortgagee who pays taxes upon the mortgaged property, either before or after the discharge of the mortgage by foreclosure or release, is not entitled to recover the amount so paid in an independent suit instituted after such discharge (15 Am. & Eng. Ann. Cas. 525, note). It has been held that after a transfer of the property through a sale under a deed of trust the deed ceases to exist, and there is no encumbrance on the property by virtue thereof (25 Cal. Jur., Trust Deeds, sec. 78, p. 94); and that where a sale is made upon foreclosure of a mortgage the functions of the instrument have been performed (*Hitchcock* v. *Merrick,* 18 Wis. 357).

The case last cited was an action upon a covenant by the mortgagor to pay taxes which the mortgagee, who was the purchaser at the foreclosure sale, subsequently paid. In denying a recovery the court said: "A mortgagee holds no longer as such but as a purchaser, the functions of the mortgage being already performed. As purchaser he stands upon the same footing as any other purchaser not previously connected with the foreclosure proceedings, and must be supposed to have purchased with reference to the value of the mortgaged premises subject to all valid existing incumbrances, whether taxes or otherwise. Having it in his power by proper steps before judgment and sale to protect himself against the taxes, but choosing not to take them but to proceed to a sale subject to the taxes, and to bid the amount of the debt, he says in effect that the mortgaged premises are sufficient security notwithstanding the taxes, and that he is content to take them subject thereto."

The same rule should in principle apply where a sale is had under a deed of trust. The purchaser at the sale under such a deed takes subject to all prior rights, interests and titles (*Bateman* v. *Kellogg,* 59 Cal. App. 464 [211 Pac. 46]); and here the testimony shows without dispute that the agent of the bank who bid in the property at the sale was apprised that the taxes mentioned were unpaid.

Notice to him was notice to plaintiff (*Atkinson* v. *Foote*, 44 Cal. App. 149 [186 Pac. 831]), and the testimony reasonably supports the inference not only that the sum bid was the fair market value of the property less the amount of the taxes, but that plaintiff intended that its purchase should be subject thereto. Such appears to have been the view of the trial court, and no reason has been shown for disturbing its conclusion.

The judgment is affirmed.