[Sac. No. 4813. In Bank.—February 23, 1934.]

M. B. CARPENTER, Executor, etc., Appellant, v. LAFAYETTE J. SMALLPAGE et al., Respondents.

A. H. Carpenter, *in pro. per.*, B. M. Bainbridge and Frederick T. Felton for Appellant.

Lafayette J. Smallpage, *in pro. per.*, and Chas. H. Epperson for Respondents.

CURTIS, J.—The original plaintiff died during the pendency of this appeal. His executor has been substituted in his place. All references herein to the plaintiff or appellant are intended to relate to the original plaintiff.

Plaintiff brought this action to quiet his title to certain real property situated in the city of Stockton. Defendants answered, and the defendant M. M. McFarland set forth in his answer that he was the owner of said real property and claimed to have acquired the same under and through a trust deed executed by Charles A. Menne and Alzada M. Menne, his wife. Each of the parties hereto derive whatever rights they have in said real property from a common source, that is, from the said Charles A. Menne, who acquired the property from George O. Rimington on June 9, 1923. In October, 1925, Menne married Mary Alzada Welton. (In all documents hereinafter mentioned her name appears as Alzada M. Menne.) In April, 1926, he filed and recorded a declaration claiming said real property as a homestead. On May 29, 1926, Charles A. Menne deeded the property to his wife, Alzada M. Menne. On June 14, 1926, Alzada M. Menne was declared a bankrupt. As the real property here involved was a homestead at the date said Alzada M. Menne was declared a bankrupt, it is conceded that said bankruptcy proceedings did not in any way affect the title to said real property, although it stood on said date in the name of said bankrupt. On July 7, 1926, Charles A. Menne and his wife, Alzada M. Menne, executed a trust deed to said real property to secure certain obligations due to the Stockton Morris Plan Company. This trust deed was duly recorded in the office of the county recorder of the county of San Joaquin, where the real property therein described was situated, on July 9, 1926. On January 23, 1930, an abandonment of said homestead was executed and filed for record in the office of said county recorder. On March 15, 1930, Charles A. Menne was adjudicated a bankrupt. On February 6, 1932, Charles A. Menne and Alzada M. Menne executed a deed to said real property to the plaintiff herein, A. H. Carpenter, which deed was duly filed for record on February 8, 1932. In the meantime, the trust deed executed

by Menne and wife to secure said obligations due the Stockton Morris Plan Company had been foreclosed by a sale of said real property by the trustees named therein and in accordance with the provisions of said deed of trust. At said sale, the defendant M. M. McFarland became the purchaser of said real property, and the deed from said trustees to said McFarland was recorded on February 9, 1932. Upon this state of the evidence, the trial court found that the defendant M. M. McFarland was the owner of said real property and that the plaintiff had no title or interest therein. Judgment was rendered in accordance with these findings, and the plaintiff has appealed.

■ There is no merit in the point made by appellant that he was entitled to judgment on the pleadings. While the plaintiff in his amended complaint set forth his claim of title in regular form, the defendant M. M. McFarland by his answer also set forth the chain of title under which he claimed to be the owner of said real property. In this chain of title was shown the trust deed executed by Menne and wife to secure the obligations due the Stockton Morris Plan Company, and all the proceedings taken to foreclose said trust deed, down to and including the deed of the trustees to McFarland by which they conveyed to McFarland said real property in said foreclosure proceedings. ■ Appellant contends that as McFarland did not place his deed of record until after the appellant "had secured his record title to said real property", and as there was no *lis pendens* filed in the foreclosure proceedings, the appellant's deed took precedence over and was superior to the trustees' deed to McFarland. A mere statement of this contention shows its lack of merit. McFarland's title related back to the deed of trust executed by Menne and wife to secure the obligations of the Stockton Morris Plan Company which was recorded on July 9, 1926, over five years before appellant received his deed. Appellant, when he accepted delivery of his deed from Menne and wife, had constructive, and the evidence shows also actual notice of the trust deed executed by Menne and wife some five or six years before such acceptance.

■ As to the absence of any *lis pendens* in the foreclosure proceedings, the evidence shows that the trust deed was foreclosed by a nonjudicial sale of the property by the trustees after notice given as provided in said trust deed. There is

no place for a *lis pendens* in foreclosure proceedings of this character.

██ It is next contended that there is no evidence in the record in support of findings III and IV of the court. In finding III, the court found that plaintiff was not the owner of said real property or of any interest therein. The evidence conclusively shows that fact. Plaintiff's title to the property was subject to the trust deed, and when this trust deed was foreclosed it extinguished whatever interest plaintiff acquired under his deed from Menne and wife. ██ Finding IV relates to the title of McFarland. In this finding the court detailed the various conveyances through which McFarland claimed title to the property beginning with the deed from Rimington to Menne down to the trustees' deed to McFarland. Through these conveyances, McFarland acquired a perfect title to the property, at least as against the plaintiff. In this finding the court set forth the various steps taken to foreclose the trust deed, all of which were proven by the recitals in the trustees' deed. These recitals under the terms of the trust deed were made conclusive proof of all facts therein recited against Menne and wife and all persons claiming under them. (*Roberts* v. *Colyear,* 179 Cal. 669, 672 [180 Pac. 937].) There is no possible question as to the sufficiency of the evidence to support finding IV.

██ Plaintiff also claims that there was fraud practiced against Menne and wife in the procuring from them of said trust deed and also in the declaration of default thereunder and in the further proceedings which culminated in the foreclosure of said trust deed and the execution thereafter of the deed to McFarland. Plaintiff attempted to introduce evidence in support of these claims of fraud but, upon objection by the defendants, the court refused to admit any such evidence. The ruling of the court was correct, as plaintiff failed to charge fraud in his complaint or in any of his pleadings. (*Burris* v. *Adams,* 96 Cal. 664, 667, 668, [31 Pac. 565]; *Maison* v. *Puntenney,* 212 Cal. 134, 137 [298 Pac. 33].)

██ The objection to the bill of exceptions is without substance. The proceedings taken by the court in the settlement of the bill of exceptions are fully set forth in the record and show that the bill of exceptions was settled as directed

by the court and in accordance with the facts developed before the trial court.

While in the statement of facts we have referred to the two orders by which Menne and wife at separate times were declared bankrupts, we do not see that either of these orders, under the facts shown, had any effect upon the title to said real property in so far as the rights of McFarland are concerned. We simply set forth these orders to show all the facts of the case. We find no error in the record.

The judgment is affirmed.

Preston, J., Langdon, J., Shenk, J., Seawell, J., Thompson, J., and Waste, C. J., concurred.