[S. F. No. 15653.   In Bank.—May 27, 1937.]

WILLIAM P. STREIFF et al., Appellants, v. F. G. DAR-LINGTON et al., Respondents.

John H. Crabbe for Appellants.

John Ralph Wilson for Respondents.

EDMONDS, J.—The appellants, in a complaint to recover a deficiency upon a note originally secured by a deed of trust, pleaded facts which were challenged by a demurrer on both general and special grounds. The demurrer was sustained with leave to amend. Choosing to stand upon their complaint, the appellants continue to urge its sufficiency upon their appeal from the judgment against them subsequently entered.

The complaint alleges these facts: Appellants were the payees of a note made by the respondents under date of July 20, 1929, for the principal sum of $20,000. This note was due two years after date and was secured by a deed of trust junior to a deed of trust to secure a note for $23,000 made by one Jose in favor of West Coast Life Insurance Co. The respondents paid the interest on their note in favor of appellants but defaulted in the payment of principal and interest on the Jose note. Foreclosure of the Jose deed of trust being threatened, the appellants "as the owners and holders of said promissory note, and of said trust deed securing the same, so executed by the said F. G. Darlington and Anna Darlington, his wife, declared that a default had been made, as aforesaid; and thereupon . . . recorded . . . due notice of defendants' default and breach, and of plaintiffs' election

to sell the premises . . . in accordance with the terms of said trust deed so executed and delivered by said F. G. Darlington and Anna Darlington, his wife, to satisfy said obligations so executed and delivered by said Edward Jose to said West Coast Life Insurance Company." On June 29, 1931, following the notice of default and after notice of sale the property was sold by the trustee. No part of the principal of the note was paid by the respondents except "the net sum of $10,000.00" bid by the appellants "as the purchase price of said premises." On the back of the Darlington note appears an endorsement dated June 29, 1931, and signed by the trustee, which recites: "Received $10,000.00 net, and balance of $23,000.00 applied to pay first lien of West Coast Life Insurance Company, a corporation, total bid $33,000.00 for whole property clear and free of all incumbrances." As an "addenda" to this endorsement there is the following signed by the trustee: "Balance due on this note is the sum of $10,000.00 plus accrued and unpaid interest, costs and expenses of this sale, plus accrued unpaid interest on West Coast Life Insurance Company first lien, plus costs and expenses accrued to date of redemption therefrom."

The appellants' complaint demands judgment for $43,615.30. A detailed statement of the amount claimed is pleaded in the complaint. It is alleged that on the date the action was instituted there was due and owing to the plaintiffs on the Darlington note a balance of $10,000.00 principal, which together with items of "interest accrued from August 1, 1931, to July 12, 1935," amounting to $3,040 and costs of sale bring the total to $13,329. On the Jose note $23,000 principal is claimed with "interest accrued from August 1, 1931, to July 12, 1935," $6,440, and other charges aggregating $846.30. But it is also alleged that the principal of the Jose note, $23,000, with certain interest and the additional amount of $846.24 for costs of sale and other items was paid to West Coast Life Insurance Company "on or about July 27, 1931." This date is subsequent to the sale of the property.

The complaint satisfactorily alleges that on December 1, 1930, the defendants had not made the payments required by the terms of the Jose note. It also alleged that by the terms of the deed of trust made by the defendants they agreed "to pay all taxes, assessments and liens and all en-

cumbrances now existing, or which may hereafter exist, or which may be imposed on the herein granted premises, or the debt secured, by state or other authority, and to protect said premises from sale therefor.'' The trust deed also provides: ''If the grantor shall fail to pay at maturity any of the obligations or perform any of the covenants aforesaid, the lender, or his assigns, or the trustee, its successors or assigns, may, without notice to and the cost of the grantor, pay and discharge all liens and encumbrances agreed to be paid and discharged by the grantor . . . and do all acts as they may deem best for the repair and protection of said premises. The lender and the trustee, its successors or assigns, are hereby authorized without notice to, at the cost of the grantor, . . . to purchase and settle any . . . liens, encumbrances or claims, and perform all other covenants herein agreed to be performed by the grantor.''

█ These provisions gave the appellants so long as they were beneficiaries under the Darlington deed of trust the right to pay and discharge the Jose note and any proper charges which had accrued under the terms of the deed of trust securing it. However, the appellants paid the amounts due on the Jose obligation after the trustee under the Darlington deed of trust sold the property upon their demand. The complaint does not positively allege that the appellants became the purchasers of the property although it mentions the ''net sum of $10,000. bid by these plaintiffs as the purchase price of said premises''. Assuming the appellants to have been the purchasers at the sale, they acquired title to the real property free from all claims subordinate to their deed of trust but subject to all prior liens and titles. (*Carpenter* v. *Smallpage,* 220 Cal. 129 [29 Pac. (2d) 841] ; 25 Cal. Jur. 98.) Whoever was the purchaser, the title which passed by the sale was subject to the Jose deed of trust. It related back to the recordation of the deed of trust made by the respondents. (*Shafer* v. *Gregory,* 102 Cal. App. 92 [282 Pac. 412].)

█ Upon the sale the Darlington deed of trust ceased to exist. (*San Mateo County Bank* v. *Dupret,* 124 Cal. App. 395 [12 Pac. (2d) 669] ; 25 Cal. Jur. 94.) The appellants, whether they were the purchasers at the sale or not, had no right to thereafter pay the amounts secured by the Jose deed of trust and charge the respondents therefor. It was the duty

of the trustee to credit upon the note the proceeds of the sale after deducting any advancements which had theretofore been made pursuant to the provisions of the deed of trust and the expenses properly chargeable. The respondents then became liable for the difference between the amount then due as principal and interest on the note and the proceeds of the sale. (*Herbert Kraft Co.* v. *Bryan*, 140 Cal. 73 [73 Pac. 745].) What amount, if any, remained unpaid upon the note after such credit it is impossible to ascertain from the allegations of the complaint. The endorsements on the note indicate that the bid was not $10,000 as may be inferred from certain allegations of the complaint, but ''$10,000. net,'' whatever that means, and a total bid of $33,000 is also mentioned.

The defendants were entitled to know with definiteness the amount of the deficiency claimed by the plaintiffs. Their special demurrer correctly challenged the insufficiency of the allegations of the complaint in this regard. The demurrer was properly sustained upon this ground. It is therefore unnecessary to consider the plea of the statute of limitations and the other points raised.

The judgment is affirmed.

Langdon, J., Curtis, J., Shenk, J., Thompson, J., and Seawell, J., concurred.

Rehearing denied.