City of Chicago, Plaintiff, v. Oliver Salinger et al.,
Defendants.
In re Petition of Gregory A. Gelderman, Appellant,
v. Paul E. Kelly et al., Appellees.

Gen. No. 41,869.

Opinion filed January 6, 1943.  Rehearing opinion filed March 10, 1943.

GREGORY A. GELDERMAN, *pro se.* JEROME F. DIXON, of Chicago, for appellant.

WILLIAM N. BRADY and ROYAL J. SCHMIDT, both of Chicago, for certain appellees.

MR. JUSTICE KILEY delivered the opinion of the court.

Gelderman appeals from an order denying his claim for all of a condemnation award in the hands of the County Treasurer. On September 20, 1927, the Kellys executed a $4,000 note, and mortgage as security, due, as extended, on September 20, 1933. Following default, the mortgage was foreclosed by Gelderman, mortgagee, and a decree entered for $5,233.75. January 4, 1937, Gelderman purchased at the master's sale for $4,000, and a deficiency decree was thereafter entered in his favor for $1,370.76. October 15, 1938,

there being no redemption, Gelderman received the master's deed. December 31, 1928, a condemnation judgment took part of the mortgaged property, with a net award of $4,942.15 to the Kellys. The City took possession December 19, 1930, but did not pay the award to the County Treasurer, under order of the County Court until March 16, 1938. August 6, 1940, the City deposited interest on the award of $2,283.67, making the full award $7,225.82, out of which Kellys attorneys' lien was satisfied, leaving $6,058.07 in the Treasurer's hands.

The Treasurer sought to seize the funds for delinquent taxes, the City for delinquent specials, the Kellys as awardees, and Gelderman as mortgage lienor. The court ordered Gelderman's deficiency and interest thereon in the amount of $1,417.97 paid out of the award and the balance of $4,640.10, paid to the Kellys. Gelderman is the only appellant.

The question is whether Gelderman is entitled to the full award on the theory urged by him, that by equitable conversion, the award made was substituted under the mortgage for the property taken, and that the substitute passed to him as purchaser under the mortgage sale.

There appear to be uniform holdings on several of the points necessary to this decision. Where part of the mortgaged premises is taken by condemnation, the award belongs to the mortgagors, owners at the time of the final condemnation judgment, subject to the interest of the mortgagee. *Keller v. Bading,* 169 Ill. 152. As between the parties to a mortgage, the award belongs to the mortgagee to the extent of his debt, and where the debt is greater, the full award is subject of his lien and this is just since the mortgagor receives the benefit of the money when it is credited upon the debt. *Calumet River Ry. Co. v. Brown,* 136 Ill. 322. The effect of a condemnation judgment transfers the lien of the trust deed from the land to the award and releases the land from the trust deed. *Nix*

*v. Thackaberry,* 240 Ill. 352; *Stopp v. Wilt,* 177 Ill. 620. If property is taken for public use, the award is deemed a substitute for the property, and a mortgagee, *or other lien holder* has an equitable lien on the fund to the extent of the claim. *City of Chicago v. Gage,* 268 Ill. 232; *Mayer v. McCracken,* 245 Ill. 551. As mortgagee Gelderman was entitled to have the money in place of the land applied to the payment of his claim. Jones on Mortgages, 8th Ed., sec. 875; *Chicago, B. & Q. R. Co. v. Chamberlain,* 84 Ill. 333. The lien of the mortgagee on the award is the counterpart of the lien of his mortgage on the land, entitling him to the same priority that his mortgage took. 19 R. C. L. p. 343. The doctrine of equitable conversion applies where land is taken for public use, the land remains, and is considered, land in respect to all rights and interest relating thereto, and the award is applied in equity to discharge the liens upon the land according to the equities of the creditors or encumbrancers. *Los Angeles Trust & Savings Bank v. Bortenstein,* 47 Cal. App. 421, 190 Pac. 850. That rule is taken from the *Bank of Auburn v. Roberts,* 45 (Barb) N. Y. Rep. p. 407, 421, where in addition to the several principles set out above, the court announced that a mortgagee has a lien arising from the destruction of part of the security for the payment of the mortgage after exhausting the "legal lien" on the property; and that under a foreclosure after the taking, but before payment of the award, undoubtedly the deficiency was payable from the award. The lien of a mortgagee who has not been made a party to the proceedings, attaches to the award and he is entitled *prima facie* to say which of it is a substitute for the premises taken from the operation of his mortgage. 88 Am. St. Rep. 363 (2).

In New York State the many principles involved in this appeal obtained as far back as the early part of the 19th Century. In the matter of John and Cherry

Streets in the City of New York, N. Y. Com. Law Repts., Wendell 19–20, page 657; *Astor v. Hoyt,* N. Y. Com. Law Repts., Wendell 5–6, page 604; *Astor v. Miller,* Paige 2, p. 68.

It is apparent from a consideration of the many cases referred to, that Gelderman's point with respect to equitable conversion applies in the case at bar, but not to the extent for which Gelderman contends. That principle of equity protects a mortgagee from prejudice in his security by subjecting the award to his lien to the extent that a condemnation judgment removes, from the operation of the trust deed, any of the land originally given as security. Misapprehension might arise from a reading of pertinent cases where the words "substitute for the land" have been used. The inference is that the award becomes a substitute for the land for all purposes and in effect remains in the trust deed to be subject to foreclosure and sale. This is the position which Gelderman, as purchaser takes. We think the case of *Astor v. Miller,* Paige 2, p. 68, 75, accurately described the conversion:

". . . the mortgage then became a specific lien upon the fund, *instead* of his interest in that part of the land."

Clearly, had the award been paid before the foreclosure and sale, Gelderman would have the right to have it applied in payment of his mortgage, and from the facts in this case, it would appear that such application would have paid the debt in full and restored Kellys to title in the land. Certainly, he could not as mortgagee have had the award applied in full payment of his note and still retain his lien on the remainder of the land. As purchaser he seeks to have the fiction of equitable conversion pass title to the fund as land at the sale, even though the City took the land several years before the foreclosure. The land taken was already converted into cash and the object of a sale

and foreclosure as to it was already met. *In re City of Rochester,* 136 N. Y. 83; *In the Matter of City of N. Y. (Neptune Avenue)*, 271 N. Y. 331. Apparently Gelderman agrees that if the award was paid before foreclosure, he as mortgagee, would be entitled only to such part thereof as would pay the debt, if the award exceeded the debt, and to the entire award if the mortgage exceeded the award. In this case, however, he says the award had not been paid; there was no fund in being and no practical effective remedy except foreclosure. We cannot agree. As mortgagee, Gelderman's debt is satisfied by proceeds of the sale and the payment of the deficiency out of the award; as purchaser, a stranger (*Carroll v. Haigh,* 97 Ill. App. 576), he bought the land, and the interests of the mortgagee and mortgagor therein, which remained after the taking. Equitable conversion did not preserve for the purchaser any interest the Kellys had in the land taken. The fiction aided the lienor for "Equity regards that done which ought to be done," and the money "ought" to be land to protect his security, but there is no such "ought" in favor of the purchaser. Pomeroy's Eq. (5th) Vol. II, secs. 364, 365. The circumstances of this case illustrate that the rule contended for contradicts the very idea of equity. Agreement with Gelderman's contention would give him as purchaser both the remaining property and the award, and leave him as mortgagee with an unsatisfied deficiency judgment against the Kellys. Obviously, to sustain his position would be to vitiate the essence of a mortgage foreclosure and sale and here deprive the Kellys of substantial rights, simply because the City delayed payment of the award.

Despite any differences which may exist between New York and Illinois statutes on mortgages and foreclosures, we believe the New York cases announce the principle decisive of the case at bar. The extent of a mortgagee's lien upon an award, made for condem-

nation of any of the mortgage property, is limited to an application of the award in payment of the debt. If the condemnation judgment is final, while the debtor is still owner, the creditor is entitled to have the award applied on the debt, and to proceed to foreclose on the remaining property for the balance of the debt, if any. The delay in actual payment of the award does not alter or enlarge the creditor's right, for he has. knowledge of the judgment and award before the foreclosure sale. Where he has chosen to pursue the property remaining after the taking and the proceeds of the sale leaves him a deficiency and the award is in control of the court, he is entitled to have the deficiency satisfied therefrom. The superior court entered the appropriate order in this case and it is hereby affirmed.

*Order affirmed.*

BURKE, P. J., and HEBEL, J., concur.

### ON REHEARING.

We have reconsidered the above entitled cause and have decided to adhere to our former decision as set forth in the opinion filed by this court on Wednesday, January 6, 1943.

For the reasons set forth in our former opinion, the judgment of the superior court is hereby affirmed.

*Judgment affirmed.*

BURKE, P. J., and HEBEL, J., concur.