Chicago Title and Trust Company, Trustee, Appellee,
v. City of Chicago et al., Appellants.

Gen. No. 42,779.

Heard in the first division
of this court for the first district at the October term, 1943.
Opinion filed January 24, 1944.

BARNET HODES, Corporation Counsel, for appellants; J. HERZL SEGAL, CHARLES B. COLLINS and SYDNEY .R. DREBIN, Assistant Corporation Counsel, of counsel.

JOSEPH J. SULLIVAN, of Chicago, for appellee.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Defendants appeal from a judgment order directing that a writ of mandamus issue commanding them to pay to plaintiff an alleged unpaid principal balance of $21,230 on a condemnation award of $30,660, with interest on the unpaid balance, together with interest amounting to $3,482 on $9,430, deposited with the county treasurer and later accepted by plaintiff.

On April 28, 1933, in a condemnation proceeding in the county court of Cook county, instituted by the City of Chicago to acquire land for the widening of south Crawford avenue, a final judgment was entered fixing compensation for land taken, the record title to which was held by plaintiff, at the sum of $30,660 and confirming assessments for special benefits against property of plaintiff not taken in the sum of $21,230. On June 1, 1934, in accordance with an *ex parte* order entered in the condemnation proceedings, the City of Chicago applied $21,230 of the condemnation award to the payment in full of the assessments and canceled and extinguished them. At the time of the entry of the condemnation award the real estate involved was, and for several years prior thereto had been, subject to a mortgage originally securing the payment of $334,000, evidenced by certain promissory notes, all of which, except the last in the principal sum of $134,000, had been paid in full—the principal amount unpaid at the time of the condemnation award being in excess of $80,000.

In May 1935 the owner and holder of the unpaid note instituted foreclosure proceedings, alleging default in

the payment of principal and interest commencing in October 1930, and, in general taxes for the years commencing 1928, and without making any allegation as to unpaid special assessments. Plaintiff, a party defendant to the foreclosure proceeding, permitted a decree to be entered against it by default. April 19, 1939 all the real estate secured by the mortgage, excepting certain portions thereof released therefrom by agreement of the parties, was sold under the decree of foreclosure to Louis J. Behan for $130,000, leaving a deficiency of $308.42. The lien of this deficiency decree as to the property condemned for the widening of south' Crawford avenue was released by Behan to plaintiff October 19, 1942. In September 1940, pursuant to *ex parte* orders in the condemnation proceedings, the City of Chicago deposited with the county treasurer of Cook county $9,430, being the difference between the full condemnation award and the amount credited on special assessments, for the use and benefit of the owner or owners of, and parties interested in the property taken by condemnation.

November 5, 1942 plaintiff instituted this mandamus suit. On the following day, without notice to defendant City of Chicago, plaintiff procured an order in the condemnation proceedings in the county court directing the county treasurer to pay to plaintiff the $9,430 previously deposited on account of the compensation theretofore awarded. November 21, 1942 this sum was paid to plaintiff by check delivered to its attorney, who signed a receipt therefor—stamped upon a copy of the county court order directing payment—reciting in bold type that the amount was received ''as full compensation for all right, title and interest in and improvements on the property described in the within order,'' and thereafter the check was received and accepted by plaintiff.

Defendants contend that plaintiff and the owner and holder of the unpaid note secured by the mortgage ac-

quiesced in and ratified the payment and cancellation of the special assessments upon the remainder of the property owned by plaintiff and covered by the mortgage, and in the sale of the premises in the foreclosure proceedings received full benefit of the money applied in payment of the special assessments and that plaintiff is now entitled only to the sum of $3,482, being the interest on the $9,430 from the date of the judgment until the deposit of that sum with the county treasurer. Plaintiff insists that it was entitled to payment in money of the full amount of the condemnation awards, without set-off or reduction on account of the assessment rendered against plaintiff's remaining property; that its attorney signed the receipt for the $9,430 without reading it and without knowing that it purported to be in full payment of compensation awarded, and that he lacked authority to accept the check as full payment, and that plaintiff is entitled to payment of the full amount credited on the special assessment and to the interest as specified in the judgment order for the writ of mandamus.

That the City lacked authority to set off the special assessments against the condemnation awards is now definitely settled. In *Cohen v. City of Chicago,* 377 Ill. 221, it was held that condemnation awards must be paid in money, and the case of *Kamberos v. City of Chicago,* 366 Ill. 471, in so far as it held that the property owner was only entitled to receive the net amount of the judgment, arrived at by deducting from the compensation award the amount of the assessment against the portion of the property not taken, was reversed. However, as held in the *Cohen* case, the right to receive payment of the award may be waived, and the controlling question in the present case is whether or not plaintiff had acquiesced in and ratified the action of the City in applying $21,230 of the condemnation award in payment and cancellation of the special assessment for benefits against the property foreclosed.

Where property taken by condemnation is subject to a mortgage the award stands as a substitute for the property and the rights of the mortgagee to the extent of his mortgage are superior to the rights of the mortgagor or owner of the property in the money award. *Calumet River Ry. Co. v. Brown,* 136 Ill. 322; *Union Mut. Life Ins. Co. v. Chicago & W. I. R. Co.,* 146 Ill. 320; *City of Chicago v. Gage,* 268 Ill. 232; *City of Chicago v. Salinger,* 317 Ill. App. 542. The mortgage in the present case contained the usual provisions obligating the mortgagor to pay all taxes, special assessments, etc., levied against the mortgaged property, and in the event of his failure so to do, authorizing the mortgagee to pay same and to add the amount thus paid, with interest, to the mortgage indebtedness. The amount in default on the mortgage note was several times the amount of the award, and the holder of the note could have rightfully demanded payment of the award to it, and whatever part of the award such owner may have used in payment of taxes or special assessments against the mortgaged property would have become an additional indebtedness under the mortgage. This was not done directly. A foreclosure decree was obtained, based upon defaults in the payment of principal, interest and taxes; the property was sold subject to unpaid taxes but free and clear of special assessments; the amount bid therefor was within a few hundred dollars of the indebtedness fixed by the foreclosure decree and taxable costs. We must presume that this amount represented the entire value. *People v. Anderson,* 380 Ill. 158; *Ogle v. Koerner,* 140 Ill. 170. It necessarily follows that it sold for the full $21,230 more than it would have brought had the special assessment against it not been paid and canceled. Therefore, both plaintiff and the owner of the mortgage note were benefited to that amount.

Through the entire foreclosure proceeding, extending over four years, plaintiff silently acquiesced in the

cancellation of the special assessment against its property and received the benefit of that cancellation and placed the defendant City of Chicago in a position where, if plaintiff is permitted to recover the $21,230 now claimed by it, the City of Chicago will be making a double payment of the amount to plaintiff. Furthermore, plaintiff after the institution of the suit accepted the $9,430 received from the county treasurer "As full compensation for all right, title and interest in and improvements on the property" taken by condemnation. Plaintiff's attorney insists first, that this sum was not received as full compensation because he did not read the receipt signed by him, and therefore was ignorant of its contents, and second, that he lacked authority to sign such receipt. Being able to read, and with eyesight good, as he testified, and without any suggestion of fraud or circumvention preventing him from reading it, the law does not permit him to deny knowledge of the contents of the receipt he signed. *Chicago R. I. & P. Ry. Co. v. Hamler,* 215 Ill. 525, 531; *Shulman v. Moser,* 284 Ill. 134, 139; *Spina v. Spina,* 372 Ill. 50, 58. While it is true that an attorney does not by reason of his employment have authority to compromise a claim of his client, the evidence shows and plaintiff's pleadings admit that plaintiff received and accepted this check pending the mandamus suit and, so far as the record shows, still retains it. The photostatic copy of the check in evidence shows that it bore on its face the notation "Satif. Co. Ct. No. 60673," which is an abbreviation of "Satisfaction, County Court No. 60673," the condemnation proceeding in which the award was made. With the record further establishing that plaintiff, as stated above, had already received full benefit of the $21,230 now claimed, we must hold that it is estopped to deny authority in its lawyer to accept from the county treasurer his check "As full compensation for all right, title and interest in and improvement on" the property taken. *Wether-*

*bee v. Fitch,* 117 Ill. 67; *First Nat. Bank of Las Vegas v. Oberne,* 121 Ill. 25, 29, *Alton Mfg. Co. v. Garrett Biblical Institute,* 243 Ill. 298, 311.

As in the *Cohen* case, the question whether such payments under the circumstances were accepted in full satisfaction of the awards and all interest accrued thereon, is not involved, because defendants do not so contend. In their briefs defendants admit liability for interest on the $9,430 from the date of the judgment in 1933 until the deposit of that sum with the county treasurer in September 1940. The same reasoning which prompts acknowledgment of this liability requires admission of liability for interest on the $21,230 from the date of the judgment to the date of the payment and cancellation of the special assessment, there being no evidence of interest accrued on the assessment.

The judgment of the superior court is reversed and the cause remanded with directions to award the writ only for unpaid interest, as indicated above.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and MATCHETT, J., concur.