[Civ. No. 13282. Fourth Dist., Div. Two. May 13, 1974.]

FERNANDO C. DUARTE, Plaintiff and Appellant, v.
LAKE GREGORY LAND AND WATER COMPANY et al.,
Defendants and Appellants.

## COUNSEL

Marcum & Salmon and Samuel Salmon for Plaintiff and Appellant.

Stump, Garner & Wright and William T. Garner for Defendants and Appellants.

## OPINION

**KAUFMAN, J.**—This action for declaratory relief results from a dispute between the previous owner and the present owners of a motel near Lake Gregory in San Bernardino County as to which of them is entitled to $45,000 paid to their joint account by Lake Gregory Land and Water Co., whose negligence resulted in mudslide damage to the motel property. The trial court divided the disputed sum between the parties and they each appeal from the judgment, each claiming exclusive right to all of said $45,000.

### *Material Facts*

On February 25, 1969, the motel property was partially destroyed and damaged by a landslide from adjoining property owned by the Lake Gregory Land and Water Co. The damage to the motel property amounted to at least $45,000, and for purposes of this appeal it is established that the landslide resulted from negligence on the part of Lake Gregory Land and Water Co. Lake Gregory Land and Water Co. has paid to the joint account of plaintiff and defendants the sum of $45,000.

At the time of the mudslide damage, the motel was owned by plaintiff. Defendants held a promissory note secured by a deed of trust on the motel property. Thereafter, plaintiff fell into default on the promissory note and deed of trust, and defendants initiated proceedings to sell the motel property under the power of sale in the deed of trust. On October 31, 1969, defendants purchased the motel property at the trustee's sale at which the trustee, on defendants' behalf, bid in the unpaid balance of the promissory note together with interest and costs of sale in the amount of $25,341.93. The deed of trust, incorporating the provisions of another recorded deed of trust, contains the following provision: "Any award of damages in connection with any . . . injury to said property or any part thereof is hereby assigned to Beneficiary . . . ." 

By its findings of fact and conclusions of law, the trial court determined that the amount due from plaintiff to defendants on the promissory note at the time of the trustee's sale including costs and interest was $25,341.93; that after the trustee's sale, defendants paid $2,253.47 taxes on the motel property; that the total of these two items is $27,595.40; that the true value of the property at the time of the trustee's sale was $6,750; and that, deducting the $6,750 from $27,595.40 leaves $20,845.40, the sum to which defendants are entitled out of the $45,000 paid by Lake Gregory Land and Water Co. The court found that plaintiff was entitled to the balance of said $45,000, to wit, $24,154.60.

By obvious error, the judgment entered is not in accord with the findings of fact and conclusions of law but, rather, awards plaintiff $23,250 and defendants $21,750. Defendants acknowledge in their brief that, if the present judgment is affirmed, it must be modified to make it conform to the findings of fact and conclusions of law.

### Contentions, Discussion and Disposition

Plaintiff and defendants both claim the exclusive right to all of the $45,000. Defendants rely primarily upon the assignment provision of the deed of trust quoted above and certain cases standing for the proposition that the beneficiary of a deed of trust or a mortgagee may maintain a cause of action for the impairment of security by a third party tortfeasor (e.g., *American Sav. & Loan Assn.* v. *Leeds,* 68 Cal.2d 611, 614, fn. 2, 616 [68 Cal.Rptr. 453, 440 P.2d 933]; *Los Angeles T. & S. Bk.* v. *Bortenstein,* 47 Cal.App. 421, 424-425 [190 P. 850]). Plaintiff asserts that when defendants bid in at the trustee's sale the full amount of the balance owing on the note and deed of trust, their security interest in the property and their rights under the deed of trust, including the assignment clause, were exhausted and that, therefore, defendants are entitled to no part of the $45,000 paid by Lake Gregory Land and Water Co. as damages for the partial destruction of the motel property. Plaintiff places particular reliance on California Civil Code section 2910, *Schumacher* v. *Gaines,* 18 Cal.App.3d 994 [96 Cal.Rptr. 223] and *Streiff* v. *Darlington,* 9 Cal.2d 42, 45 [68 P.2d 728].

We have concluded that plaintiff's contention is meritorious and compels reversal of the judgment with directions.

Defendants' reliance upon *American Sav. & Loan Assn.* v. *Leeds, supra,* 68 Cal.2d 611, for the proposition that the trustee's sale does not extinguish an assignment made prior to sale is misplaced. The *American Savings* case held no such thing. There is no indication in the case that the beneficiary had previously foreclosed or had exercised his power of sale under the deed of trust prior to bringing suit, and the case does not concern itself with the effect of a trustee's sale upon a trust deed.

Plaintiff correctly asserts that, once the underlying debt has been satisfied through the trustee's sale of the property for the full amount of the obligation owing to the beneficiary, the lien on the real property is extinguished. (Civ. Code, § 2910; *Streiff* v. *Darlington, supra,* 9 Cal.2d at p. 45; *Schumacher* v. *Gaines, supra,* 18 Cal.App.3d at pp. 998, 1000;

*Ralph C. Sutro Co.* v. *Paramount Plastering, Inc.,* 216 Cal.App.2d 433, 438 [31 Cal.Rptr. 174].)

An assignment of damages for injury to the secured property is very much like an assignment of insurance proceeds resulting from injury to the property. Both are given as additional security for payment of the obligation represented by the promissory note. Indeed, in the case at bench, the trust deed provides with reference to the assignment of damages for injury to the property that the beneficiary "may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance."

As respects an assignment of insurance proceeds as additional security, the law is clear. "In the event the creditor enters an entire bid for all principal, interest, late charges, costs, fees, and other items properly secured by the deed of trust, he would have no access to additional security . . . . [¶] . . . If a nonjudicial sale is held before receipt of insurance proceeds, the beneficiary is entitled to only that part of the proceeds that would be necessary to pay the remainder of his secured obligation. Thus, if the beneficiary . . . bids the full amount of the obligation owing him together with costs, fees, etc., he is entitled to none of the insurance proceeds . . . ." (Hetland, Cal. Real Estate Secured Transactions (Cont. Ed. Bar) pp. 256-257; accord: *Reynolds* v. *London etc. Ins. Co.,* 128 Cal. 16, 19-20 [60 P. 467]; *Rosenbaum* v. *Funcannon* (9th Cir.) 308 F.2d 680, 684-685; see also *Hatch* v. *Security-First Nat. Bank,* 19 Cal.2d 254, 262 [120 P.2d 869].)

Alternatively, defendants assert that the beneficiary of a deed of trust or a mortgagee may maintain a cause of action for the impairment of security by a third party tortfeasor. The assertion is correct. *(U. S. Financial* v. *Sullivan,* 37 Cal.App.3d 5 [112 Cal.Rptr. 18]; see also *American Sav. & Loan Assn.* v. *Leeds, supra,* 68 Cal.2d at pp. 614, fn. 2, 616; *Los Angeles T. & S. Bk.* v. *Bortenstein, supra,* 47 Cal.App. at pp. 424-425.) This proposition avails defendants nothing, however. Defendants have no security interest to be impaired. Having caused a trustee's sale of the secured property for the full amount of the indebtedness, the debt, and thus the security, is extinguished. (Civ. Code, § 2910; *Streiff* v. *Darlington, supra,* 9 Cal.2d at p. 45; *Schumacher* v. *Gaines, supra,* 18 Cal.App.3d at pp. 998, 1000; *Ralph C. Sutro Co.* v. *Paramount Plastering, Inc., supra,* 216 Cal.App.2d at p. 438.)

The judgment is reversed and the trial court is directed to make findings

of·fact and conclusions of law consistent with this opinion and to enter judgment declaring that plaintiff is entitled to the entire $45,000.

Gabbert, Acting P. J., and Kerrigan, J., concurred.

The petition of the defendants and appellants for a hearing by the Supreme Court was denied July 25, 1974.