

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re:  REGINALD ESCOBAR SILVA;
CARLITA MARIE SILVA,

Debtors,

_____

CARLITA MARIE SILVA,

Appellant,

v.

MBB PROPERTIES, LLC,

Appellee.

No.    15-56123

D.C. No. 2:15-cv-02061-AB

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted May 5, 2016
Pasadena, California

Before:  BYBEE and N.R. SMITH, Circuit Judges, and STEIN,** District Judge.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

The issue on appeal is whether the exception to the automatic stay at 11 U.S.C. § 362(b)(24) exempts a good faith purchaser's recording of a trustee's deed from the statutory automatic stay of proceedings against a person who has already filed for bankruptcy protection.[1]  11 U.S.C. § 362(a)(3) provides that the filing of a bankruptcy petition operates as a stay of "any act to obtain possession of property of the [bankruptcy] estate . . . or to exercise control over property of the estate."  11 U.S.C. § 362(b)(24) provides that the filing of a petition in bankruptcy does not operate as a stay "under subsection (a), of any transfer that is not avoidable under section 544 and that is not avoidable under section 549."

1.      The transfer to the Bollags is not avoidable by the trustee under section 549 because section 549(c) provides that "a transfer of an interest in real property to a good faith purchaser" who does not have knowledge of the bankruptcy and who purchases for "present fair equivalent value" is not a voidable transfer "unless a copy or notice of the petition was filed."

The bankruptcy court found that the Bollags were indeed good faith purchasers who purchased the home for present fair equivalent value; they knew

---

[1]      The bankruptcy court determined that the recordation of the Trustee's Deed was exempt from the automatic stay pursuant to section 362(b)(3).  Because we conclude that the Trustee's Deed was exempt pursuant to section 362(b)(24), we need not decide whether the exception in section 362(b)(3) also applies.

nothing of the bankruptcy when they purchased the property; and they lacked

actual or constructive notice of Silva's bankruptcy when the Trustee's Deed was

recorded. The property's chain of title contained no notice of Silva's bankruptcy,

and the Bollags and MBB only learned of Silva's bankruptcy days after they

recorded their interest in the home. Therefore, the bankruptcy court did not err in

concluding that the Bollags qualified for the exception in section 549(c) that

prohibited the trustee from avoiding the property transfer to the Bollags.

Silva would have this Court impose a paradoxical condition precedent to the

exception at 11 U.S.C. § 362(b)(24): In order for a transfer to be "not avoidable

under section 549," as set forth in section 362(b)(24), it must be subject to section

549 in the first instance. Silva argues that section 362(b)(24)'s incorporation of

section 549 is limited to debtor-initiated transfers and therefore does not apply to

the post-petition recording of the Trustee's Deed by the Bollags, who are creditors.

We have previously held that the automatic stay imposed by section 362(a)

does not apply to debtor-initiated transfers. *In re Tippett*, 542 F.3d 684, 691–92

(9th Cir. 2008); *In re Schwartz*, 954 F.2d 569, 574 (9th Cir. 1992). Adopting

Silva's argument would render section 362(b)(24)'s incorporation of section 549

meaningless. If section 549 were determined to operate only to avoid debtor-

initiated transfers, and if transfers that are "not avoidable under section 549" are

3

similarly limited to debtor-initiated transfers, then this portion of section 362(b)(24) would never apply because the stay does not apply to debtor-initiated transfers. *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" (citations omitted)).

We reject the theory advanced by Silva and hold that the applicability of section 362(b)(24) is not limited to transfers that could have been avoidable under section 549. Rather, the relevant inquiry for this portion of section 362(b)(24) is simply whether the transfer is *not* avoidable under section 549. This category captures transfers that fall outside the scope of section 549(a); transfers that fall within an exception to section 549(a) as set forth in subsections (b) and (c); and transfers that are barred by section 549's two-year statute of limitations, 11 U.S.C. § 549(d).

2.    The transfer to the Bollags would potentially be avoidable by the trustee pursuant to 11 U.S.C. § 544, but the statute of limitations has expired. The relevant portion of that statute provides as follows:

> (a) The trustee . . . may avoid any transfer of property of the debtor . . . that is voidable by--

. . .

> (3) a bona fide purchaser of real property . . . from the debtor . . . that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

In other words, the trustee may avoid a transfer as a hypothetical good faith purchaser who has perfected a transfer of the property from the debtor at the time the bankruptcy case commenced. California is a race-notice jurisdiction requiring "every conveyance of real property to be recorded in order to be valid against a subsequent purchaser of the same property." *Robertson v. Peters (In re Weisman)*, 5 F.3d 417, 420 (9th Cir. 1993). The trustee could have potentially avoided the August 2009 purchase of the property by the Bollags—and the resultant post-petition recording of the Trustee's Deed—because the conveyance was not recorded until October 2014 and was potentially invalid against a subsequent hypothetical good faith purchaser who had perfected a transfer in August 2010, which is when Silva filed the Chapter 13 bankruptcy petition.

Here, however, there is a two-year statute of limitations which limited the time period in which the trustee could take action to avoid any transfer based on section 544. That period commenced in August 2010 when the order of relief was

5

entered in Silva's bankruptcy case, *see* 11 U.S.C. §§ 301(b), 546(a)(1)(A), and expired in August 2012 by which time Silva had not acted.

Silva contends that equitable tolling of the limitations period is appropriate here. We do not agree. A party seeking equitable tolling must establish (1) "that [s]he has been pursuing [her] rights diligently," and (2) "that some extraordinary circumstances stood in [her] way." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013). Silva failed to act with reasonable diligence in pursuing her section 544 claim because she had actual and inquiry notice that the Bollags purchased the home as early as September 2009. Having concluded that Silva failed to diligently pursue her section 544 rights, the bankruptcy court did not err in declining to equitably toll the two-year limitations period. The transfer is therefore not avoidable under section 544.

3.    Because the transfer is not avoidable under section 544 and section 549 pursuant to 11 U.S.C. § 362(b)(24), the filing of the bankruptcy petition does not operate as a stay. We therefore conclude that in this case the recording of the Trustee's Deed is exempt from the statutory automatic stay of proceedings.

**AFFIRMED.**



*Silva v. MBB Properties*, No. 15-56123 (Pasadena – May 5, 2016)

N.R. Smith, Circuit Judge, concurring in the judgment:

I agree with the result reached by the majority, but I respectfully disagree with how the majority reached that result. The Bollags and MBB argue that the Bollags' recordation of the trustee's deed was exempt from the stay under 11 U.S.C. § 362(b)(3) and that MBB (as the holder of full title to the property) was entitled to relief. The bankruptcy court agreed, and so do I.[1]

A bankruptcy petition does not operate as a stay of any act by a lienholder to perfect an interest in property to the extent that, under state law, the lienholder, upon perfection, would obtain priority over a hypothetical entity that acquires rights in the property before the lienholder perfects its interest. 11 U.S.C. §§ 362(b)(3), 546(b). "Under California law, when a person purchases property from a trustee in a non-judicial foreclosure proceeding, the purchaser's interest 'relates back' to the time the original deed of trust was recorded." *United States v.*

---

[1] I question whether Silva retained any interest in the property that could become part of the bankruptcy estate and receive protection from the automatic stay. Under California law, a valid foreclosure sale terminates *all* of the debtor's interests, both legal and equitable, in the property. *See Perkins v. Center*, 35 Cal. 713, 719 (1868). However, the parties do not argue that the property is excluded from the bankruptcy estate. Thus, without deciding the issue, we assume that Silva retained an ownership interest in the property and that the Bollags held a lien on the property, which was subject to the automatic stay. The question, then, is whether the Bollags and MBB were exempt from the stay or entitled to relief.

*Real Property at 2659 Roundhill Dr., Alamo, Cal.*, 194 F.3d 1020, 1026 (9th Cir. 1999) (citing *Hohn v. Riverside Cty. Flood Control & Water Conservation Dist.*, 39 Cal. Rptr. 647 (Cal. Ct. App. 1964); *see also Streiff v. Darlington*, 68 P.2d 728, 729 (Cal. 1937); *Carpenter v. Smallpage*, 29 P.2d 841, 842 (Cal. 1934).

The deed of trust that Silva granted her lender on the second-position loan was recorded on April 27, 2005. Thus, when the Bollags purchased the home, they took title to it effective as of April 27, 2005, and effective against any interest in the property acquired after that date. Even though the Bollags did not record their trustee's deed until after Silva had filed for bankruptcy, their priority remained greater than any hypothetical entity who might have obtained an interest in the property after the foreclosure sale. Therefore, the recordation of the trustee's deed after Silva filed for bankruptcy was exempt from the automatic stay triggered by the filing of the bankruptcy petition. The bankruptcy court properly determined that MBB was entitled to relief from the automatic stay to permit MBB to take possession of the property from Silva under 11 U.S.C. § 362(d)(1) and (d)(2).

I concur in the judgment.