N.R. Smith, Circuit Judge,
concurring in the judgment:
I agree with the result reached by the majority, but I respectfully disagree with how the majority reached that result. The Bollags and MBB argue that the Bollags’ recordation of the trustee’s deed was exempt from the stay under 11 U.S.C. § 362(b)(3) and that MBB (as the holder of full title to the property) was entitled to relief. The bankruptcy court agreed, and so do I.[1]
A bankruptcy petition does not operate as a stay of any act by a lienholder to perfect an interest in property to the extent that, under state law, the lienholder, upon perfection, would obtain priority over a hypothetical entity that acquires rights in the property before the lienholder perfects its interest. 11 U.S.C. §§ 362(b)(3), 546(b). “Under California law, when a person purchases property from a trustee in a non-judicial foreclosure proceeding, the purchaser’s interest ‘relates back’ to the time the original deed of trust was recorded.” United States v. Real Property at 2659 Roundhill Dr., Alamo, Cal., 194 F.3d 1020, 1026 (9th Cir. 1999) (citing Hohn v. Riverside Cty. Flood Control & Water Conservation Dist., 228 Cal.App.2d 605, 39 Cal. Rptr. 647 (1964)); see also Streiff v. Darlington, 9 Cal.2d 42, 68 P.2d 728, 729 (1937); Carpenter v. Smallpage, 220 Cal. 129, 29 P.2d 841, 842 (1934).
The deed of trust that Silva granted her lender on the second-position loan was recorded on April 27, 2005. Thus, when the Bollags purchased the home, they took title to it effective as of April 27, 2005, and effective against any interest in the property acquired after that date. Even though the Bollags did not record their trustee’s deed until after Silva had filed for bankruptcy, their priority remained greater *641 than any hypothetical entity who might have obtained an interest in the property after the foreclosure sale. Therefore, the recordation of the trustee’s deed after Silva filed for bankruptcy was exempt from the automatic stay triggered by the filing of the bankruptcy petition. The bankruptcy court properly determined that MBB was entitled to relief from the automatic stay to permit MBB to take possession of the property from Silva under 11 U.S.C. § 362(d)(1) and (d)(2).
I concur in the judgment.

. I question whether Silva retained any interest in the properly that could become part of the bankruptcy estate and receive protection from the automatic stay. Under California law, a valid foreclosure sale terminates all of the debtor’s interests, both legal and equitable, in the property. See Perkins v. Center, 35 Cal. 713, 719 (1868). However, the parties do not argüe that the property is excluded from the bankruptcy estate. Thus, without deciding the issue, we assume that Silva retained an ownership interest in the property and that the Bollags held a lien on the property, which was subject to the automatic stay. The question, then, is whether the Bollags and MBB were exempt from the stay or entitled to relief.