[Civ. No. 1733.    Second Appellate District.—July 27, 1915.]

## HOLDER LUMBER COMPANY, Respondent, v. W. B. SCARBOROUGH, Appellant.

CONTRACTS—LOAN FOR BUILDING—AGREEMENT TO PAY ON ORDER OF BORROWER—RIGHT OF JUDGMENT CREDITOR.—Where the defendant agreed to lend a certain amount of money for the erection of a building, but was to hold the money and pay it out whenever orders were made by the borrower for the payment of accounts for materials used in the building, the lender is liable to a judgment creditor of the borrower upon an order given for materials furnished, and is not excused by the fact that he paid the balance of the loan over to the party who, subsequent to the giving of the order, purchased title to the property by sale under a deed of trust which had been given to secure the purchase price of the lot on which the building was constructed.

ID.—CONSTRUCTION OF TESTIMONY—UPHOLDING OF JUDGMENT.—In considering testimony a construction should be given to it which will support the judgment of the trial court, if reasonable conclusions based thereon so warrant, and any conflict in the testimony must be resolved against the appellant.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. E. N. Rector, Judge presiding.

The facts are stated in the opinion of the court.

Rusk Harris, and J. W. Swanwick, for Appellant.

Schweitzer & Hutton, for Respondent.

JAMES, J.—Appeal taken from a judgment entered against defendant Scarborough, and from an order made denying his motion for a new trial.

The action was brought on the part of the plaintiff as a judgment creditor of one Nellie R. Higgins to recover the sum of nine hundred and forty-six dollars, which it was alleged was owing by the defendants to the said Nellie R. Higgins at the time process of attachment under a writ of execution was served by the plaintiff upon defendants. By the answer of defendants it was denied that at the time of service of such writ any money was due or owing from the

said defendants to said Higgins. The facts as to the plaintiff being the judgment creditor of the said Higgins and as to the regularity of the service of the attachment process, were admitted. The principal point presented for consideration, therefore, is as to whether under the facts shown in the statement of the testimony as contained in the bill of exceptions defendant Scarborough was indebted to Nellie R. Higgins in any amount at the time such alleged debt was attempted to be attached in his hands. In considering the testimony it should be remembered that the construction to be given to it must be that which will support the judgment of the court, if reasonable conclusions based thereon so warrant, and that any conflict in the testimony must be resolved against the appellant. Nellie R. Higgins testified in brief that she procured a loan of two thousand dollars from appellant with which to erect a building on a lot which she had purchased from one Firth. She stated that the understanding was that appellant was to hold the money secured as a loan and pay it out whenever orders were made by her for the payment of accounts for materials used in the building. She stated that after four or five hundred dollars had been paid out she had given the plaintiff here an order for the amount of its account, but that only one hundred dollars thereof had been paid by appellant. She stated that there was no written agreement made governing the matter of payment of the money, but that it was distinctly understood that the money should be paid out whenever ordered by her. This statement was in direct conflict with the testimony of appellant and other witnesses heard for the defendants, who testified that the money was only to be paid out as the building reached certain stages in its construction. However, as has been before stated, any testimony which tends to support the judgment must on this appeal be considered as stating the facts. Other testimony introduced showed that the plaintiff here had furnished material for the erection and construction of the building amounting to the sum of one thousand and twenty-one dollars, and there was no dispute but that this material had been incorporated in the building. Every reasonable inference from the direct testimony given is in support of that fact. After refusal had been made on the part of appellant to pay the amount of the plaintiff's bill for material, work on the building was stopped and the holder of a trust-deed which

had been given to secure payment of a large part of the purchase price of the lot and which had been made second in order of priority to the mortgage of appellant, proceeded to have sale made of the premises under the trust-deed and thereby secured title to the property. It was a short time subsequent to this date that plaintiff secured its judgment against said Higgins and served attachment under its execution upon the appellant. The further facts appearing in the statement of the testimony showed that Nellie R. Higgins purchased the lot upon which the building was afterwards partially erected, from one Firth, with the understanding that she should borrow two thousand dollars with which to pay in part for the construction of the building, although it was understood between said Higgins and Firth that the building was to cost several hundred dollars in excess of two thousand dollars. However, under the statement of the agreement as made by the said Higgins, it seems quite plain to us that the only right which appellant had regarding the control of the money loaned on the mortgage was to expend that money as directed by said Higgins with the only condition of restraint that when so expended it should be in payment of accounts properly incurred for materials which entered into the construction of the building. There was no such privity of contract between the parties to the mortgage and the parties to the trust-deed as imposed any legal obligation upon appellant to protect the creditor under the trust-deed. It is said in the briefs on behalf of appellant that at the time the attachment under the execution was served upon appellant there was no debt that could be attached, because the money had then been paid over to Firth who had secured title to the property by sale under his trust-deed. But all of this money had prior to the time work on the building was stopped, or any sale made under the trust-deed, become payable on the indebtedness incurred by Nellie R. Higgins on account of materials which had been used in the construction of the building. All of the testimony introduced to show upon what account plaintiff's claim was based was properly admitted for the purpose of showing that sufficient materials had been furnished for the construction of the building which would require the application of the remaining amount of the mortgage loan then left in appellant's hands. It was proper that such facts be shown, too, in order that it might appear that this plaintiff creditor of

Higgins was a creditor whose claim was among the number which appellant was bound to make application to out of the moneys held by him. Under the terms of the agreement as it was expressed by said Higgins, upon her mortgagee refusing to make payment of the money in satisfaction of the accounts incurred in the behalf mentioned, there would seem to be no doubt of the right of the said Higgins to sue and recover that money, at least upon making a showing that she had paid the debt to which she was entitled to have the money applied; and we see no legal obstacle to the recovery by her judgment creditor on the same account.

The judgment was for nine hundred and six dollars, together with costs. It appears in the evidence that the amount paid over by appellant to Firth, the purchaser under the trust-deed, was the sum of $836.36. In making up his account, however, several items were by the mortgagee charged to the appellant, as insurance, interest, etc., which we think he was entitled to deduct from the amount of the loan. The judgment, we think, should be modified. The findings seem otherwise to be sustained by the evidence and no error appears which requires that a new trial be had.

It is ordered that on the findings as made the judgment be modified and that judgment be entered in favor of the plaintiff for the sum of $836.36, together with costs of suit. Except as so modified, the judgment is affirmed. The order denying a new trial is affirmed. Costs of appeal to be allowed appellant.

Conrey, P. J., and Shaw, J., concurred.