[Civ. No. 1851.   First Appellate District.—November 16, 1916.]

## ERNEST HELD, Respondent, v. BEACH-ROBINSON COMPANY, Appellant.

BUILDING CONTRACT—ACCEPTANCE OF WRITTEN ORDERS OF SUBCONTRAC- TORS—EQUITABLE ASSIGNMENT OF EXISTING FUND.—The acceptance by a building contractor of a written order drawn upon it by one of its subcontractors in favor of a third party, who had advanced money to the latter to enable it to complete its contract, and pro- viding for its payment upon presentation "out of the money due us under our contract," ·and the acceptance of a similar order pro- viding for its payment upon presentation "thirty-five days after the acceptance of our contract for work," amount to an unqualified and equitable assignment of the aggregate amounts of such orders out of an existing fund, and the payment by the contractor out of such fund of other orders of the subcontractor and of money to the sub- contractor itself, regardless of the existence of such accepted orders, is at the peril of the contractor.

ID.—SUBSEQUENT PROMISE TO PAY — SUFFICIENCY OF ·CONSIDERATION.— The existence of the obligations assumed in the acceptance of such orders constitutes a sufficient consideration under section 1606 of the Civil Code for the written promise of the contractor made a few days after such acceptance to pay the amounts thereof.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order deny- ing a new trial. Adolphus E. Graupner, and Bernard J. Flood, Judges.

The facts are stated in the opinion of the court.

Robinson & Sizer, and Robinson, Gillis and Sizer, for Appellant.

L. T. Jacks, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in plaintiff's favor and from an order denying the defendant's motion for a new trial.

The facts of the case are substantially these: The defendant in the month of September, 1913, had been awarded a con- tract to remodel Grace Cathedral Church, and in the month of November of that year sublet the portion of its contract

having to do with inside cabinet work to the Bank Equipment Company for the sum of four thousand four hundred dollars. The plaintiff for some years prior to this time had been engaged in the business of doing artistic woodwork, but had disposed of his business to a successor, which in turn transferred it to the Bank Equipment Company. Plaintiff was friendly to this latter institution, and evidently desired that it should succeed in the fulfilment of this particular subcontract, but a little more than a month after work upon it had begun plaintiff learned from the president of the Bank Equipment Company that it was being hard pressed for money and in danger of attachment for a bill of $150. The plaintiff went to Mr. Beach, of the Beach-Robinson Company, and explained the situation, whereupon the latter stated that if the plaintiff would advance the money to the Bank Equipment Company to meet its immediate need, and if the said company would give the plaintiff an order for the amount, "he [meaning, of course, the defendant] would stay good for it." The plaintiff took this course, and procured an order for $150, to be paid "out of the money due us under our contract with you." This order the Beach-Robinson Company accepted; and not long after, and under a similar state of facts, accepted another order of the Bank Equipment Company in plaintiff's favor for the sum of $630, payable thirty-five days after the completion of the defendant's contract with the Grace Cathedral corporation. Within a day or two after the signing of this second order the plaintiff, apparently desiring a more formal writing covering both advances to the Bank Equipment Company, secured from the defendant the following paper:

"San Francisco, 1914, January 19.

"Ernest Held, Esq.,

"Dear Sir: We promise to pay you $630 and $150, equal to $780, out of the Grace Cathedral fund as soon as we receive it from the Grace Cathedral Association, which we expect will be about February 26, 1914.

"Respectfully yours,

"The Beach–Robinson Company,

"Per R. E. Beach, Sec."

At the time of the execution of this writing Mr. Beach said to plaintiff "Everything is all right. We will protect you." On the date of the acceptance of these orders and of the exe-

cution of the above writing there was, according to the undisputed evidence of the architect, and also according to the figures which Mr. Beach himself gave to the plaintiff, at that time approximately one thousand three hundred dollars in the Grace Cathedral fund belonging to the Bank Equipment Company and then payable or thereafter to become due to it under its contract with the defendant. Within a day or two after the execution of the above paper the defendant informed the Bank Equipment Company in writing of the acceptance of these orders, and charged the Grace Cathedral fund on its books with the amount thereof. The defendant did not, however, inform either the Grace Cathedral corporation or the architect in charge of the work of the existence of the plaintiff's accepted orders or its written promise to him, but, on the contrary, the evidence shows that the above fund in existence at the time of the acceptance of said orders was thereafter depleted by payments made upon other orders of the defendant upon it, or by payments directly to the Bank Equipment Company, so that only the sum of $168 remained payable to the latter from the Grace Cathedral fund when the time for making the final payment upon the contract arrived. The evidence showed that some time after the acceptance of plaintiff's orders, and after its written promise to pay their aggregate sum to him, the defendant paid over to the Bank Equipment Company the sum of $216.70 upon its contract and out of the cathedral fund regardless of the existence of these outstanding obligations.

The appellant makes two main contentions upon this appeal. The first is that the obligations assumed by it through its two accepted orders and its written promise were to be satisfied out of the final payment upon the subcontract of the Bank Equipment Company due thirty-five days after the completion of the work, and that as to this balance it was depleted by lien claimants, whose rights to this particular portion of the fund were superior to that of the plaintiff. The trial court refused its assent to this construction of the writings in question; and we think it did not err in so doing. The writings themselves did not thus limit the defendant's obligations and promise; and if it can be said that they are uncertain in that regard the testimony of the parties is conflicting as to the fund out of which the plaintiff was to be paid,

and the trial court—as it was entitled to do—resolved that. conflict in the plaintiff's favor.

The appellant's next contention is that the fund against. which these orders were drawn was depleted without any fault on its part through the direct payment by the architect of other claims against the Bank Equipment Company of which the defendant had no knowledge. The record does not bear out this contention, but, on the contrary, shows not only that the architect paid none of such claims without the defendant's written order, but also that the defendant itself on a date subsequent to the dates of the plaintiff's orders, paid to the Bank Equipment Company the sum of $216.70 regardless of the plaintiff's outstanding claim.

In respect to the appellant's final contention that the two orders accepted by the defendant did not amount to an equitable assignment of the sums they called for out of an existing fund, and that, as to its written promise of a day or two later, it was without consideration, we are of the opinion that the existence of the obligations assumed in the acceptance of these orders was a sufficient consideration for the defendant's written promise under section 1606 of the Civil Code; and that these several documents are to be read together, and, so read, are susceptible of the interpretation placed upon them by the trial court as constituting an unqualified and equitable assignment of the aggregate amount called for out of an existing fund. (*Pierce* v. *Robinson*, 13 Cal. 116, 121; *Holder Lumber Co.* v. *Scarborough*, 28 Cal. App. 152, [151 Pac. 674].) The case of *Lynip* v. *Alturas School District*, 24 Cal. App. 426, [141 Pac. 835], relied upon by appellant, is clearly distinguishable from the case at bar, since in that case the liability of the defendant was necessarily contingent upon the completion and acceptance of the building, while the proofs showed that the building was abandoned by the contractor before the payments on which the order was drawn became due.

Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.