[Civ. No. 26312.    Second Dist., Div. Three.    May 21, 1963.]

RALPH C. SUTRO COMPANY, Plaintiff and Respondent, v. PARAMOUNT PLASTERING, INC., et al., Defendants and Respondents; WESTERN INVESTMENT AND TITLE COMPANY, Defendant and Appellant.

Jay J. Stein and Robert Haves for Defendant and Appellant.

James R. Smith for Plaintiff and Respondent and for Defendants and Respondents.

SHINN, P. J.—Plaintiff, Ralph C. Sutro Company, brought suit in interpleader. The interpleaded fund of $10,910.39 represents the balance of moneys held by plaintiff pursuant to a construction loan agreement between plaintiff and Hindry Properties, Inc. Western Investment and Title Company (Witco), claims the interpleaded fund under contractual rights and is opposed by the remainder of the defendants, respondents herein, all of whom rendered services or delivered materials on behalf of said construction. The trial court, after deducting Sutro's costs and attorney's fees, ordered the fund distributed on a pro rata basis to respondents. Witco appeals.

The facts pertinent to a decision herein are as follows: On November 15, 1957, plaintiff, Sutro Co., entered into a loan agreement with Hindry Properties, Inc., whereby Hindry as the owner of certain property was to borrow $60,000 from or through Sutro for the construction of a 15-unit two-story apartment building thereon. The loan agreement further provided that the loan proceeds were to be used exclusively for the express purpose of paying bills and claims for labor and materials with respect to the construction. On the same date Hindry Properties, Inc. executed a deed of trust and note in the same amount pursuant to such loan agreement. The deed of trust was recorded on January 20, 1958, and thereafter construction commenced upon said apartment building. On March 5, 1958, Sutro Co. sold and assigned the note and trust deed to a third party who, in turn, sold and assigned same to the appellant Witco on May 26, 1959, for the sum of $61,947.90. Notice of default and intention to sell under the trust deed had been recorded by the trustee, Title Insurance and Trust Company, on February 19, 1959. On June 25, 1959, Witco purchased the property at the foreclosure sale for the sum of $53,600. At that date the total indebtedness on the property was shown to be $62,223.06. ■ The question raised by this appeal is whether the trial court was justified in finding that the interpleaded amount constituted a trust fund held for the benefit of respondents and that said respondents have a claim and lien in equity against said fund to the exclusion of appellant Witco. We find that it was.

It is stipulated that the respondents' services, the claims

for which being duly recorded, were fully performed previous to the foreclosure sale on June 25, 1959, and the trial court found that they were completed prior to the commencement of said foreclosure proceedings on February 19, 1959. The loan agreement provided for payment in seven installments with the last to be drawn and paid when Hindry had established that all costs of labor and material and other expenses had been fully paid. In this Hindry had defaulted. In spite of attempts by the appellant to distinguish the cases on the facts the reasoning in the *Whiting-Mead Co.* v. *West Coast etc. Co.,* 66 Cal.App.2d 460 [152 P.2d 629], is dispositive of this case. In that case the court in interpreting a similar construction loan agreement, determined that it created a trust for the benefit of the lender, whose interest was its right under the agreement to have on the property a completed structure, built according to certain plans and specifications, thus providing the agreed security for the loan. Another beneficiary was the borrower whose right, as in the instant case, was to have expended for his benefit, whether paid directly to him or not, the borrowed funds reflected in his promissory note, in constructing the improvements. The agreement provided for payment only upon a showing by the borrower that all claims for labor and materials had been paid. The borrower defaulted in this last requirement. The court found, *inter alia,* that the lender having a completed structure, and its trust deed having priority over the claims of suppliers of labors and materials, the purpose of the trust with respect to the lender was accomplished. The lender had no right to the remaining funds. There, as in the present case, it was the duty of the trustee to apply the remaining funds to the unpaid claims for labor and materials used in the construction. Witco's claim, being derivative upon the rights of the lender, Sutro Co., therefore must also fail.

Appellant argues against the existence of the trust and refers to the provision in the loan agreement that the Sutro Co. was not responsible for the application of the proceeds of the loan. ■ However, that provision is in no way inconsistent with the trust arrangement; the trust purpose being clearly expressed, it is the trustee, not the trustor or the beneficiaries, who is placed under the duty of carrying out that purpose. (Civ. Code, § 2258; *Union Bank & Trust Co.* v. *McColgan,* 84 Cal.App.2d 208 [190 P.2d 42].)

■ The express wording of the loan agreement precludes

appellant's argument that the trust would violate the rule against perpetuities for the reason that no time was fixed for completion of the building. The agreement set forth the terms of the loan, the schedule for payment, and the date of final repayment which was well within the required period. There was no uncertainty as to the beneficiaries of the trust.

In addition, independent of any trust relationship, the rights of the lien claimants are simple legal rights arising out of the contract. The contract should be read as a whole in the light of the circumstances under which it was entered into in determining the question, which is one of construction, whether it was intended for the benefit of third persons. (*Woodhead Lumber Co.* v. *E. G. Niemann Investments*, 99 Cal.App. 456 [278 P. 913]; *Le Ballister* v. *Redwood Theatres, Inc.*, 1 Cal.App.2d 447 [36 P.2d 827].) It is not necessary under Civil Code section 1559 that a contract be exclusively for the benefit of a third party to give him a right thereon. (See, *Hartman Ranch Co.* v. *Associated Oil Co.*, 10 Cal.2d 232 [73 P.2d 1163]; *Stanton* v. *Santa Ana Sugar Co.*, 84 Cal.App. 206 [257 P. 907].) Nor is it necessary that the beneficiary be named and identified as an individual; it is sufficient if the third party can show that he is a member of a class for whose benefit it was made. (*Woodhead Lumber Co.* v. *E. G. Niemann Investments, supra*; *Holder Lumber Co.* v. *Scarborough*, 28 Cal.App. 152 [151 P. 674]; *Garratt* v. *Baker*, 5 Cal.2d 745 [56 P.2d 225].) In the instant case, it is clear that the loan agreement was made not only for the benefit of Hindry but also for the materialmen and laborers since Hindry was not to receive payment except upon showing that all claims for labor and materials had been paid. (See *Whiting-Mead Co.* v. *West Coast etc. Co., supra*, 66 Cal.App.2d 640.) The record is void of any showing of a rescission of the loan agreement. Appellant refers to provision 6F in the loan agreement which it claims inures to its benefit through the assignments of the note and deed of trust in the form of additional security for the loan. That provision in essence provided that Sutro Co. had the right to "withdraw all funds in the account" and credit same as it elected upon the indebtedness, without loss of any rights under the trust deed, in the event of default on the part of Hindry.

Appellant further relies on a provision in the note secured by the deed of trust which was assigned to him to the effect

that the holder thereof may deal in any manner whatever with any endorser of that guaranty or any instrument thereby guaranteed. Appellant exercised this right in its foreclosure proceedings and subsequent purchase thereunder of the property in question. It has no further rights to the interpleaded fund. The sale of any property on which there is a lien, in satisfaction of the claim secured thereby, extinguishes the lien. (Civ. Code, § 2910.) The lien is likewise extinguished under ordinary circumstances by merger of the lien and ownership of the land in one person, unless it is necessary for the protection of that person's rights that it be kept alive. (*Anglo-Californian Bank* v. *Field,* 154 Cal. 513 [98 P. 267].) We find no such necessity here. There is no dispute as to the quality or timely completion of the construction. The appellant has had the benefit of its security, now owns the property and the completed building thereon, and seeks to avoid payment therefor. We cannot find that it has any such right.

The judgment is affirmed.

Ford, J., and Files, J., concurred.

A petition for a rehearing was denied June 11, 1963, and appellant's petition for a hearing by the Supreme Court was denied July 17, 1963.