Filed 1/12/16  DeMichael-Lucas v. Nelson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| LAUREL DEMICHAEL-LUCAS, | |
| Plaintiff and Appellant, | E061578 |
| v. | (Super.Ct.No. MCC1301863) |
| STACY L. NELSON et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Gloria Trask, Judge. Affirmed.

Laurel DeMichael-Lucas, in pro. per., for Plaintiff and Appellant.

Freeman, Freeman & Smiley, John P. Godsil and Tracy R. Mattie-Daub for Defendants and Respondents.

## I

## INTRODUCTION

Plaintiff and appellant Laurel DeMichael-Lucas appeals from a judgment entered

1

after the trial court granted the anti-SLAPP motion (Code Civ. Proc., § 425.16)[1] brought by defendants and respondents Stacy Nelson and Steven Nelson. The dispute between the parties involves the ownership of residential real property in Temecula, formerly owned by Laurel's husband, Hendrick Lucas,[2] as his sole property. After the property was sold at a trustee's sale, the Nelsons subsequently bought the property as bona fide purchasers. Hendrick filed three previous lawsuits, challenging the nonjudicial foreclosure unsuccessfully.

We hold the trial court properly found that Laurel's complaint is subject to the anti-SLAPP statute because all her claims arise from the Nelsons asserting a valid claim to the subject property and from Hendrick's previous litigation against the Nelsons. The trial court further found that Laurel had no probability of succeeding on any of her claims because she had no ownership in the property and no standing. We affirm the judgment.

II

FACTUAL AND PROCEDURAL BACKGROUND

Laurel, acting as her own attorney, has not followed appellate rules and protocol. Nevertheless, we have reviewed the record and summarized the pertinent facts.

---

[1] All statutory references are to the Code of Civil Procedure unless stated otherwise.

[2] We use the first names of Hendrick Lucas and Laurel DeMichael-Lucas for ease of reference.

2

## A. *The Sale to the Nelsons*

The subject real property is located at 40483 Via Gamay in Temecula. A grant deed, recorded in August 2001, transferred the property to Hendrick, a "Married Man as his Sole and Separate Property."

In August 2005, Hendrick executed a trust deed in favor of Washington Mutual Bank (WAMU), securing a loan for $550,000. A notice of default was recorded for the WAMU loan in November 2009.

On November 4, 2010, before the trustee's sale, Hendrick purportedly assigned his interest in the WAMU deed to a person or entity described as "Marcia Willardson, SPIRITUAL ALLIANCES CORPORATION SOLE." A trustee's deed upon sale was recorded on November 24, 2010, granting the property to L & L Enterprises. Later L & L Enterprises sold the property to the Nelsons as bona fide purchasers, recording a grant deed on December 22, 2011.

## B. *Hendrick's Three Previous Lawsuits*

In the meantime, in February 2011, Hendrick filed his first lawsuit against WAMU, Chase Bank, and other defendants claiming wrongful foreclosure and related claims. Hendrick also recorded a lis pendens against the property, which was later expunged by court order on November 28, 2011. After defendants' successful demurrer, Hendrick filed a second amended complaint with two causes of action for wrongful foreclosure and for unjust enrichment and accounting. Chase Bank and L & L

3

Enterprises again demurred for failure to state a claim. The trial court sustained the demurrers without leave to amend and entered judgments of dismissal against Hendrick.

In August 2011, Hendrick filed a second lawsuit against L & L Enterprises and its brokers, alleging various tort causes of action. Again, Hendrick sought to set aside the foreclosure sale and recover ownership of the property. The trial court found that Hendrick lacked standing, sustained the defendants' demurrers without leave to amend, and entered judgment against Hendrick.

Hendrick filed a third lawsuit in July 2012, this time against the Nelsons, and again seeking to set aside the trustee's sale. The Nelsons demurred on the grounds of res judicata and failure to state a claim. The trial court sustained the demurrer without leave to amend and entered judgment in favor of the Nelsons and against Hendrick.

## C. The Present Lawsuit

Laurel filed her complaint in December 2013. She alleged she had standing "through marriage and through assignment." The so-called assignment, executed in August 2013 after the trustee's sale in November 2010, purports to assign the 2005 WAMU trust deed from Willardson and Hendrick to Willardson, as Spiritual Alliances Corporation Sole, Hendrick, and Laurel.

Laurel attempted to allege tort causes of action for contractual interference, misrepresentation, negligence, infliction of emotional distress, fraud, and violations of Business and Professions Code section 17200 et seq. The basis for Laurel's claims is that

4

the Nelsons are asserting an interest in the Temecula property and prevailed in Hendrick's third lawsuit.

The Nelsons filed a demurrer and an anti-SLAPP motion. Laurel did not file opposition to the anti-SLAPP motion. Instead, two days before the hearing, she filed a non-standard "notice of non service" and opposition to the demurrer.[3] The court did not permit Laurel to file additional briefing.

On May 21, 2014, the trial court granted the Nelsons' request for judicial notice, granted the special motion to strike, and ordered Laurel to pay $8,151 in attorney's fees. The court found the demurrer was moot. The court explained its ruling: "[W]hen an action is brought that attempts to chill the right to exercise the constitutional rights of freedom of speech and petition, the action may be stricken.

"There are two prongs to that motion. The first prong requires the moving party to make a prima facie showing that the present lawsuit arises from the moving party's exercise of a right to free speech or petition. In this case, there is no doubt that the first prong is met. The Complaint here is replete with references to . . . prior actions, litigations; and the essence . . . of that litigation is that the defendants should not have won the prior case. That's essentially the allegations of the Complaint here. This action

_____

[3] The address for Laurel on the Nelsons' proof of service was the same as that used by Laurel on her pleadings.

arises from the right to petition by the moving party. By 'right to petition' I mean the right of the moving party to come before the court and petition the court to dismiss it.

"The second prong shifts the burden to the opposing party to demonstrate with admissible evidence that there is a probability of prevailing at trial. Plaintiff cannot prevail in this action . . . because she has no standing, res judicata bars the claims, and the litigation privilege applies."

The trial court denied Laurel's subsequent motion for reconsideration and entered judgment in favor of the Nelsons. Laurel appealed from the grant of the anti-SLAPP motion and judgment. In her appellate brief, she also asks this court "to vacate prior void judgments, pursue cancellation of instruments, [and] to set aside the sale and quiet title."

III

DISCUSSION

We conduct an independent review of the trial court's ruling on an anti-SLAPP motion. (*Bernardo v. Planned Parenthood Federation of America* (2004) 115 Cal.App.4th 322, 339; *Navarro v. IHOP Properties, Inc.* (2005) 134 Cal.App.4th 834, 839.) By its terms, the anti-SLAPP Statute applies to any cause of action against a defendant "arising from any act of that person in furtherance of the person's right of petition or free speech . . . ." (§ 425.16, subd. (b)(1).) A claim affecting the exercise of these rights is subject to a special motion to strike unless the court determines there is a probability that the complainant will prevail on the claims. (§ 425.16, subd. (b).) The anti-SLAPP statute protects against the use of the judicial system to chill the

6

constitutionally-protected right to make statements or writings before judicial or other official proceedings, and in connection with an issue under consideration or review by a judicial body or other legally authorized official proceeding. (§ 425.16, subd. (e).)

The anti-SLAPP statute "posits . . . a two-step process for determining whether an action is a SLAPP." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88.) As the moving party, the Nelsons must first make a prima facie showing that the lawsuit at issue "arises from" their exercise of free speech or petition rights as defined in section 425.16, subdivision (c). (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 61.) The burden then shifts to Laurel, the opposing party, to establish a "probability" that she will prevail. (§ 425.16, subd. (b); *Equilon*, at p. 61.) Laurel must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment. (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2006) 136 Cal.App.4th 464, 476.) Thus, the burden is on Laurel to produce evidence that would be admissible at trial to proffer a prima facie showing of facts supporting a judgment in her favor. (*Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1087.)

A. *Anti-SLAPP Protection*

Section 425.16 defines those actions that are covered by the anti-SLAPP procedures, including statements or writings in judicial proceedings. Statements and writings "in connection with" civil litigation are covered by the statute. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1116, 1123; *Neville v.*

7

*Chudacoff* (2008) 160 Cal.App.4th 1255, 1266; *PrediWave Corp. v. Simpson Thacher & Bartlett LLP* (2009) 179 Cal.App.4th 1204, 1220-1221; *CKE Restaurants, Inc. v. Moore* (2008) 159 Cal.App.4th 262, 271.)  Statements protected under Civil Code section 47, subdivision (b), are "'equally entitled to the benefits of section 425.16.'" (*Briggs*, at p. 1115.)  Both SLAPP protection and the litigation privilege apply to statements made in connection with pending litigation.  (*A.F. Brown Electrical Contractor, Inc. v. Rhino Electric Supply, Inc.* (2006) 137 Cal.App.4th 1118, 1128; *Flatley v. Mauro* (2006) 39 Cal.4th 299, 322.)

Each of Laurel's causes of action against the Nelsons arise from statements or communications that Laurel alleges the Nelsons made in connection with their purchase of the Temecula property in 2011 and Hendrick's 2012 lawsuit against them.  Although the complaint is 99 pages and includes 140 pages of exhibits, it makes some specific allegations about the Nelsons and their purported conduct, not against Laurel, but against Hendrick:  "NELSONS knowingly decided to go against Plaintiff's attempts to keep his home, and committed acts in conjunction with their fellow co-conspirators to make a concerted effort to cover up and conceal Plaintiff's factual evidence to make certain that Plaintiff's case and the extensive fraud involved, is not heard by the Court, Plaintiff discovered that his case was dismissed only due to Lack of Standing NOT A HEARING ON THE MERITS. . . .  Defendants and/or Co-Conspirators have taken advantage of Plaintiff's lack of knowledge of the law and inexperience, first when the Lis Pendens was expunged (by Plaintiff's procedural mistake), and then by attempting to convince

8

Plaintiff that his case has already been decided on 'the merits' instead of 'Standing' is another act of **FRAUD which all the perpetrators seem to have no fear of the consequences**." Other similar allegations are present throughout the complaint.

The litigation privilege "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of litigation; and (4) that have some connection or logical relation to the action." (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212.) The litigation privilege "is intended to encourage parties to feel free to exercise their fundamental right to resort to the courts for assistance in the resolution of their disputes, without being chilled from exercising this right by the fear that they may subsequently be sued in a derivative tort action arising out of something said or done in the context of the litigation." (*Aronson v. Kinsella* (1997) 58 Cal.App.4th 254, 262.)

Laurel's claims are against the Nelsons because they recorded documents showing they were owners of the property and because they successfully defended themselves in Hendrick's 2012 lawsuit. Therefore, the Nelsons' actions are privileged statements made in connection with litigation and are protected under the SLAPP statute.

B. *Probability of Prevailing*

As for the probability of prevailing, the second prong of the SLAPP analysis, an opposing party is "required both to plead claims that were legally sufficient, and to make a prima facie showing, by admissible evidence, of facts that would merit favorable judgment on those claims, assuming plaintiff's evidence were credited." (*1-800*

9

*Contacts, Inc. v. Steinberg* (2003) 107 Cal.App.4th 568, 584.) Laurel cannot make the required showing because all of her claims fail on the grounds that: (1) she lacks standing to assert Hendrick's claims; (2) res judicata bars her claims; (3) her claims arise from privileged actions; and (4) she has failed to state a viable claim against the Nelsons in her complaint and she cannot amend the complaint.

Laurel lacks standing because she never had an interest in the property which was owned by Hendrick as "his Sole and Separate Property." Except as otherwise provided by statute, "[e]very action must be prosecuted in the name of the real party in interest, . . ." (§ 367.) The real party in interest is the person who holds title to the claim or property involved, as opposed to one who may be interested or benefitted from the litigation. (*Gantman v. United Pacific Ins. Co.* (1991) 232 Cal.App.3d 1560, 1566.) The purpose of the real party in interest requirement is "to save a defendant, against whom a judgment may be obtained, from further harassment or vexation at the hands of other claimants to the same demand." (*Giselman v. Starr* (1895) 106 Cal. 651, 657; *O'Flaherty v. Belgum* (2004) 115 Cal.App.4th 1044, 1062.)

Laurel bases her claim on an unrecorded assignment of the WAMU trust deed, executed in August 2013, long after the foreclosure sale in November 2010 and after the Nelsons purchased the property in December 2011 free of any other liens. (§ 726; Civ. Code, § 2910; *Dover Mobile Estates v. Fiber Form Products, Inc.* (1990) 220 Cal.App.3d 1494, 1498, citing *Carpenter v. Smallpage* (1934) 220 Cal. 129, 133; *Ralph C. Sutro Co.*

*v. Paramount Plastering, Inc.* (1963) 216 Cal.App.2d 433, 437-438.)  Laurel has no

standing related to the property or the WAMU trust deed.

Additionally, res judicata defeats Laurel's effort to state a claim.  The doctrine of

res judicata "rests upon the ground that the party to be affected . . . has litigated, or had an

opportunity to litigate the same matter in a former action in a court of competent

jurisdiction, and should not be permitted to litigate it again to the harassment and

vexation of his opponent.  Public policy and the interest of the litigants alike require that

there be an end to litigation."  (*Panos v. Great Western Packing Co.* (1943) 21 Cal.2d

636, 637.)

In each of his three previous lawsuits, Hendrick sought to set aside the trustee's

sale and to regain possession of the property.  The issues decided in the earlier lawsuit

were the same as those presented here and resulted in final judgments on the merits.

(*Crowley v. Modern Faucet Mfg. Co.* (1955) 44 Cal.2d 321, 323; *Goddard v. Security

Title Ins. & Guarantee Co.* (1939) 14 Cal.2d 47, 52.)  Laurel is in privity with her

husband, Hendrick.  (*Mueller v. J. C. Penney Co.* (1985) 173 Cal.App.3d 713, 723.)  Res

judicata bars Laurel's effort to relitigate the same matters.  (*Fairchild v. Bank of America*

(1958) 165 Cal.App.2d 477, 482.)

Finally, we hold there is no viability to any of Laurel's claims because Laurel

never owned the property and because all her claims are predicated on the alleged

"wrongful" foreclosure of the property, which the trial courts have repeatedly held was

not wrongful.  The Nelsons purchased the property in 2011 from L & L Enterprises more

11

than a year after the legal trustee's sale in 2010. As already discussed, the Nelsons' actions are also protected by the litigation privilege.

IV

DISPOSITION

We affirm the judgment. In light of our conclusions, we do not need to discuss any additional issues raised by Laurel. The Nelsons are entitled as prevailing parties to recover their costs and attorney's fees on appeal. (*Lucky United Properties Investment, Inc. v. Lee* (2010) 185 Cal.App.4th 125, 138-139.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


HOLLENHORST
Acting P. J.


KING
J.


12